■ MOBILE HOME ESTATES, INC., Respondent, v PREFERRED MUTUAL INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court in favor of plaintiff, entered July 14, 1983 in Schenectady County, upon a directed verdict by the court at Trial Term (Mercure, J.), at the close of the evidence.

Defendant had issued a policy of liability insurance covering plaintiff's trailer park which was in effect, when, on December 27, 1978, a tenant occupying one of plaintiff's trailer lots fell and suffered a broken hip. Plaintiff received a letter in January, 1980 from an attorney representing the tenant, advising of her intention to sue for damages. Plaintiff promptly notified defendant by telephone and then confirmed this by letter some 10 days later. Subsequently, defendant disclaimed coverage on the ground that the 13-month delay between the accident and plaintiff's notification violated the clause of the policy requiring an insured's giving written notice of an accident or occurrence "as soon as practicable". Plaintiff then bought this action for a declaratory judgment establishing its right to a defense and indemnification in connection with the tenant's then pending lawsuit. At the close of all of the proof at the jury trial of the action, the trial court granted a directed verdict in plaintiff's favor, holding that, as a matter of law, plaintiff had a reasonable excuse for the delay in notification. This appeal then ensued.

The sole issue on this appeal is whether, on the evidence, plaintiff's justification for late notice could be decided by the trial court as a matter of law rather than as a question of fact for the jury. Each side produced only a single witness. For plaintiff, its manager testified to having received a telephone call from the tenant in late December, 1978, informing him that she had fallen on ice and snow in her driveway and inquiring as to the possibility of assistance in paying her medical expenses. He replied that plaintiff bore no responsibility for any accident taking place on a tenant's own driveway, and then went to the tenant's lot to confirm that it was covered with ice and snow. On this basis, he had concluded that, since plaintiff could not be held responsible for the accident, there was no need to notify the insurer. Defendant called the injured tenant as a witness, who placed the location of her fall not on her driveway, but on a common roadway in the trailer park. However, she denied ever notifying plaintiff of the incident before the 1980 letter from her attorney.

The most recent definitive statement of the applicable standard for excusing an insured's delay in notifying an insurer of an accident or occurrence is as follows: "When the facts of an occurrence are such that an insured *acting in good faith would not reasonably believe that liability on his part will result,* notice of the occurrence given by the insured to the insurer is given 'as soon as practicable' if given promptly after the insured receives notice that a claim against him will in fact be made" (*Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799, 801 [emphasis added]). The reasonableness of the insured's belief in nonliability is also affected by whether and to what extent the insured made an appropriate inquiry into the circumstances of the accident or occurrence (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441). Ordinarily, the *reasonableness* of an insured's belief of nonliability is considered an issue of fact and not one of law (*Allstate Ins. Co. v Moon,* 89 AD2d 804, 805; *Hartford Fire Ins. Co. v Masternak,* 55 AD2d 472, 474). It is only when the facts are undisputed and not subject to conflicting inferences that the issue can be decided as a matter of law (*Greenwich Bank v Hartford Fire Ins. Co.,* 250 NY 116, 131).

Two of defendant's arguments in support of its contention that the evidence presented an issue of fact may be quickly disposed of. First, the fact that the trailer park rules reserved plaintiff's right to enter a tenant's premises to make repairs or correct improper conditions would not render plaintiff liable or make unreasonable plaintiff's belief that there was no liability based upon the tenant's report of the accident described by its manager. A landlord's mere reservation of the right to enter leased premises for such purposes is insufficient to give rise to liability for a subsequently arising dangerous condition; it is only when the landlord had contractually obligated himself to make the repairs that he may be held liable for such a condition as is presented here (*Putnam v Stout,* 38 NY2d 607, 617; Restatement, Torts 2d, § 357, Comment *b,* subd 1, p 241). Likewise no inference can be drawn that plaintiff had knowledge of the possibility that the accident occurred on plaintiff's roadway through combining selective extracts from plaintiff's manager's testimony concerning the tenant's phone call with the tenant's testimony of where she fell. Defendant cannot disregard its own witness's version that she gave no notice to plaintiff at the time of the occurrence. Thus, there is nothing that defendant can avail itself of in the tenant's testimony to create an issue of fact for the jury.

Nevertheless, and although we would have no hesitancy in affirming the trial court's determination in plaintiff's favor if it

had been made by the triers of the facts, we are of the view that the issue of the reasonableness of plaintiff's delay presented a question for the jury. As previously described, plaintiff's manager testified on direct examination that in their December, 1978 telephone conversation, the tenant sought plaintiff's assistance with her medical expenses. On cross examination, the manager conceded that, in a subsequent letter to defendant, he had described this conversation as one in which the tenant "notified us that she had fallen down and injured herself on her own drive area *and wanted this company to compense her for the injury*" (emphasis added). On the basis of this testimony, the reasonableness of plaintiff's conclusion that it was not liable and that no damage claim was being asserted was subject to conflicting inferences and, therefore, should have been submitted to the jury (*Merchants Mut. Ins. Co. v Hoffman, supra; Greenwich Bank v Hartford Fire Ins. Co., supra*).

Order reversed, on the law, without costs, and matter remitted to Trial Term for a new trial. Mahoney, P. J., Kane and Levine, JJ., concur.

Casey and Weiss, JJ., dissent and vote to affirm in the following memorandum by Casey, J. Casey, J. (dissenting). Trial Term properly granted plaintiff's motion for a directed verdict since the uncontradicted proof established the reasonableness of plaintiff's good faith belief that the injured party fell on her own property and that, therefore, plaintiff could not be liable for her injuries.