■ CLAIRE SILVER, Respondent, v FELICIA BRODSKY, Individually and Doing Business as FELICIA EUROPEAN SKIN CARE CENTER, et al., Respondents, and MARCIA WERNICK, Appellant. —In an action to recover damages for personal injuries sustained by plaintiff Claire Silver when she fell in defendant Felicia Brodsky's beauty salon, defendant Marcia Wernick, the owner and lessor of the premises on which the salon was located, appeals from an order of the Supreme Court, Kings County (Held, J.), dated August 15, 1984, which denied her motion for summary judgment dismissing the complaint and any cross claims as to her, without prejudice to renewal at trial after the close of the plaintiff's case.

Order reversed, on the law, with costs, appellant's motion granted, and complaint and any cross claims dismissed, insofar as they are asserted here.

Plaintiff Claire Silver slipped and fell on the floor of the reception area of a beauty salon run by Felicia Brodsky on premises leased from Marcia Wernick. Plaintiff's testimony at her examination before trial was that "the slippery floor caused me to slip", but that the lighting conditions were adequate and she saw no defects of any kind on the floor's linoleum finish. Plaintiff testified that there was no visible wax buildup on the floor, that the floor was not unusually shiny, and that she never met or spoke with the appellant. Defendant Felicia Brodsky's testimony at her examination before trial was that the floor was installed at her direction after she leased the premises, that she personally washed it

every night with soap and water and never waxed it, that she never spoke with the appellant concerning the condition of the floor in the reception area, and that the appellant did not visit the salon premises within six months prior to plaintiff's injury. There is nothing in the record to indicate that any agent of the appellant ever visited the premises during Brodsky's tenancy.

The appellant moved for summary judgment dismissing the complaint and any cross claims asserted against her, alleging that there was no proof that she retained control of the premises or had notice of any unsafe condition. Plaintiff filed no affidavit in opposition, but relied exclusively upon two provisions of Brodsky's lease with the appellant to show that the appellant retained control of the premises. Essentially, these lease provisions required Brodsky to make all necessary repairs to the premises, but if she failed to do so, the appellant reserved the right to enter at all reasonable hours to inspect and to make, at Brodsky's expense, such repairs as might be necessary for the safety and preservation of the premises. Plaintiff failed to controvert the appellant's contention that proof of notice was lacking. Brodsky did not file any opposition to the appellant's motion and also did not submit a brief on this appeal. Special Term denied both the branch of appellant's summary judgment motion dealing with the complaint and the branch of the motion dealing with cross claims, without comment.

On this record, no triable issue of fact was presented as to whether the appellant retained sufficient control to justify the imposition of tort liability upon her. Absent a duty imposed by statute, a landlord's mere reservation of the right to enter a leased premises to make repairs or correct improper conditions is insufficient to give rise to liability for a subsequently arising dangerous condition (*Mobile Home Estates v Preferred Mut. Ins. Co.*, 105 AD2d 883; Restatement [Second] of Torts § 357 comment b [1]; *cf. Putnam v Stout*, 38 NY2d 607).

Additionally, the record does not reveal any triable issue of fact as to the required element of notice. Plaintiff's own testimony at her examination before trial indicated that the linoleum floor upon which she fell was free from defects. The fact that a floor is slippery by reason of its smoothness or polish, in the absence of a negligent application of wax or polish, does not give rise to a cause of action or give rise to an inference of negligence (*Swartz v Rose*, 40 AD2d 1028). Although a foreign substance might conceivably have been temporarily present on the floor, plaintiff made no showing of

what was in fact present. The burden of making an evidentiary showing sufficient to raise a triable issue of fact was on plaintiff (*Baly v Chrysler Credit Corp.*, 94 AD2d 781). Plaintiff utterly failed to meet that burden. Mere allegations of notice contained in plaintiff's pleadings are not sufficient to defeat a motion for summary judgment (*Gluck v Pinkerton N. Y. Racing Sec. Serv.*, 96 AD2d 548). Even assuming, arguendo, that a foreign substance was present and caused her fall, plaintiff cannot rely on any constructive notice to the appellant in the absence of any proof of how long the substance was permitted to remain there prior to plaintiff's fall (*Sikora v Apex Beverage Corp.*, 306 NY 917). Nor can actual notice to the appellant be inferred from any facts appearing in this record. Thompson, J. P., Brown, Weinstein and Kunzeman, JJ., concur.