■ EMIL SCHLESINGER, Individually and as Personal Representative of ROSE SCHLESINGER, Respondent, v ROCKEFELLER CENTER, INC., Appellant, et al., Defendant.—Order, Supreme Court, New York County (Alvin Klein, J.), entered October 3, 1985, which, *inter alia*, denied appellant's cross motion for summary judgment dismissing the complaint as against Rockefeller Center, Inc., unanimously reversed, to the extent appealed from, on the law, without costs or disbursements, the cross motion granted and the complaint dismissed as against appellant.

The action was brought to recover for personal injuries suffered by Rose Schlesinger when, on September 29, 1980, she fell on the second mezzanine level at Radio City Music Hall. Defendants are charged with negligence in failing to maintain the carpeting in the theater in a safe condition and failing to provide adequate lighting or furnish ushers to escort patrons to their seats. At the time of the accident, Rockefeller Center, Inc. (Rockefeller Center) was the owner of the building, located at 1260 Avenue of the Americas and, pursuant to a lease entered into April 26, 1979, had leased a portion of the premises, including the Music Hall, to Radio City Music Hall Productions, Inc. (Radio City).

In cross-moving for summary judgment dismissing the complaint, appellant asserted that at the time of the accident, it was the owner-lessor of the building, out of possession, with no contractual obligation with respect to the operation, maintenance or control of the theatre. The motion was supported by an affidavit of its assistant secretary, who stated that the

Music Hall was in the exclusive control and operation of Radio City and that appellant did not maintain the carpeting, operate the lights or provide supervision or guidance in the theatre. This was confirmed by Radio City's director of house relations, who stated that the Music Hall was operated, maintained and controlled solely by Radio City, not by Rockefeller Center. The only opposition to the motion was an affirmation by plaintiffs' attorney, who was without knowledge of the facts, and who merely restated what had been alleged in the pleadings.

Although it has been held that a landlord out of possession is accountable for breach of a covenant to maintain or repair the premises, this is an exception to the general rule that a landlord is not liable for conditions on the land after transfer of possession to a tenant. (Putnam v Stout, 38 NY2d 607, 616-617; Restatement [Second] of Torts §§ 355, 356, 357.) In such case, liability will attach to a landlord out of possession only where the owner is contractually obligated to make repairs or maintain the premises (Putnam v Stout, supra, at p 618).

Here, no proof was offered that at the time of the accident, appellant was obligated to maintain or repair the premises which had been leased to Radio City. Plaintiffs place primary reliance upon paragraph 6 (e) of the lease, which (1) requires the tenant to secure appellant's approval before making any repairs, alterations, changes, additions or improvements; (2) directs that such work be done "only by workmen and contractors, in accordance with plans and specifications, in a manner, upon terms and conditions and at times, approved by the Landlord"; and (3) requires the landlord to approve any contract or employment of any labor in connection with "the maintenance, cleaning or other servicing of the premises".

In our view, such a reservation does not amount to a covenant to maintain or repair the premises sufficient to impose liability under the holding of the Court of Appeals in Putnam v Stout (supra). Nor have plaintiffs either alleged or shown that appellant withheld its consent or approval, thereby denying the tenant the right to perform any repairs, improvements or alterations with respect to the carpeting or lighting in the theatre. Accordingly, no genuine triable issue has been raised with respect to any obligation by appellant to perform repairs.

Moreover, it has been held that a landlord's reservation of the right to enter the leased premises to make repairs or correct improper conditions does not impose liability for any dangerous condition which subsequently arises. (See, Silver v

*Brodsky,* 112 AD2d 213; *Mobile Home Estates v Preferred Mut. Ins. Co.,* 105 AD2d 883, 884.) Plainly, there is no basis on this record to hold the owner-lessor liable after transfer of exclusive use and enjoyment to the lessee, absent any covenant by it to maintain or repair the leased premises *(Putnam v Stout, supra; cf. New York Tel. Co. v Mobil Oil Corp.,* 99 AD2d 185). Nor have plaintiffs alleged that the defective condition was in existence when the premises were leased to be used for a public purpose, so as to impose liability under such circumstances *(see, Clarke v Unanue,* 97 AD2d 888, 889; *compare, Marshall v Mastodon, Inc.,* 51 AD2d 21, 24). Concur—Sullivan, J. P., Ross, Kassal and Ellerin, JJ.