■ CLARINDA BELLEN, Respondent, v EDWARD LOMANTO, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Dier, J.), entered March 28, 1986 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking to recover damages for injuries she sustained when she fell on the steps of property allegedly owned by defendant. Claiming that in his capacity as landlord of the premises he was not liable for plaintiff's injuries, defendant moved for summary judgment. Supreme Court denied the motion. We reverse.

A landlord is not liable in negligence for conditions upon the land after the transfer of possession and control (see, *Putnam v Stout,* 38 NY2d 607, 617; *People v Scott,* 26 NY2d 286, 290). "The owner has been held only when the facts justify a conclusion that control has been retained in fact" *(People v Scott, supra).* In *Putnam v Stout (supra),* the court adopted the Restatement's exception to this general rule where the lessor has contracted to keep the land in repair (see, Restatement [Second] of Torts § 357 [1965]).

The evidence in the record herein establishes that defendant acquired title to the subject property in September 1977 and is the mortgagor. From September 1977 to the date of plaintiff's fall, April 25, 1981, the premises were occupied by Anthony Zambri and his family. During this period defendant received no rent from Zambri. Instead, Zambri paid the mortgage, taxes and utilities and maintained the property. Defendant testified at his examination before trial that during the period from September 1977 to April 1981, he never visited the premises; that he acquired title as an accommodation to Zambri; and that Zambri lived in the premises pursuant to an oral agreement requiring Zambri to pay the mortgage, taxes and utilities and to maintain the premises. Zambri submitted an affidavit confirming this agreement. At his examination before trial, Zambri seemed confused as to the nature of his legal interest in the property, as he testified that he was the owner of the property and that defendant, as his attorney, arranged the financing for him. Nevertheless, Zambri testified unequivocally that he paid the mortgage and taxes and that he and his family maintained the premises. There is abso-

lutely no proof in the record to suggest that defendant in fact retained control over the property or contracted to make repairs. Accordingly, no triable issue of fact has been presented as to whether liability should be imposed upon defendant (see, Schlesinger v Rockefeller Center, 119 AD2d 462; Silver v Brodsky, 112 AD2d 213). Plaintiff's claim that there was no "meeting of the minds" between defendant and Zambri as to whether defendant retained control over the property is belied by the undisputed proof that Zambri had exclusive possession and control of the premises during the 2½ year period preceding the accident. The order should be reversed and defendant's motion for summary judgment dismissing the complaint should be granted.

Order reversed, on the law, with costs, and motion granted. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.