■ John Rankin et al., Respondents, v Vincent J. Milazzo, Jr., et al., Respondents, and Texaco, Inc., Appellant.— In a negligence action to recover damages for personal injuries, etc., the defendant Texaco, Inc. (hereinafter Texaco) appeals from an order of the Supreme Court, Nassau County (Di Paola, J.), entered August 20, 1986, which denied its motion for summary judgment dismissing the plaintiffs' complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff John Rankin, in the course of purchasing gasoline at the Two Guys Service Center, slipped and fell in what was described as an indentation in the pavement. The subject premises have since 1968 been subleased by Texaco to the defendant Milazzo and his gasoline and automobile repair station, Two Guys Service Center, Inc. Pursuant to the sublease entered into between Texaco and Milazzo, the sublessee was obligated to maintain the premises in good repair. No "change, alteration or substitution in the demised premises, buildings or equipment" could be made by the sublessee without the prior written consent of Texaco.

The mere fact that Texaco's corporate records do not contain any indication of the defective condition is an insufficient basis upon which to grant summary judgment on its behalf. While it was standard policy for the sublessee to clean the premises, Texaco had the right to oversee the condition of the premises. If the station was dirty, Texaco's marketing repre-

sentative was empowered to direct the sublessee to clean it up. Significantly, Texaco's marketing representative visited the station once a week in order to inspect conditions *(cf., Silver v Brodsky,* 112 AD2d 213, 214). This gives rise to the question of whether the marketing representative saw the subject defect, or, in the exercise of reasonable diligence should have seen it, but nevertheless failed to report it. In light of the fact that a Texaco representative was present at the station with regular frequency and that the depression in the pavement which caused the plaintiff John Rankin's fall was already covered with grease, a trier of fact could reasonably infer that the subject condition existed for a sufficient period of time within which Texaco could have acquired actual notice of it. Under the circumstances, Texaco's motion for summary judgment was properly denied. Thompson, J. P., Lawrence, Weinstein and Rubin, JJ., concur.