■ George Hildenbrand et al., Individually and as Parents of Kimberly Hildenbrand, an Infant, Appellants, v Frank Porto, 3rd, Individually and Doing Business as Chick-A-Dee Trailer Park and Campsites, as Successor in Interest to Frank Porto, Jr., Respondent, et al., Defendants.—Casey, J. Appeal from an order of the Supreme Court (Klein, J.), entered September 16, 1987 in Greene County, which granted a motion by defendant Frank Porto, 3rd, for summary judgment dismissing the complaint and all cross claims against him.

Plaintiffs seek to recover damages for injuries allegedly sustained by Kimberly Hildenbrand, an infant, when she fell from the steps leading to a mobile home located in the Chick-A-Dee Trailer Park in Greene County. Defendant Frank Porto, 3rd, is the owner of the trailer park. Defendants Mark Homeyer and Debbie Homeyer owned the mobile home and leased the lot where it was located from Porto. In addition to the lot, Porto provided electric, water and sewer connections.

Porto asserts that no stairway was present on the lot when he leased it to the Homeyers, and that he did not participate in the design or construction of the stairway; nor did he provide materials for its construction. Porto also asserts that he exercised no dominion and control over the lot after he leased it to the Homeyers. Based upon the undisputed evidence, Supreme Court granted defendant Porto's motion for summary judgment dismissing the complaint. Plaintiffs appeal.

We reject plaintiffs' contention that Porto had a statutory duty to maintain the stairs on the leased premises in a safe condition. There is nothing in the statutes and regulations cited by plaintiffs to support their claim that the duty owed to the infant by Porto was any greater than that imposed by common-law principles. At common law "[a] landlord is not liable in negligence for conditions upon the land after the transfer of possession and control" *(Bellen v Lomanto,* 125 AD2d 905, *lv denied* 69 NY2d 610). In the absence of any proof in the record that Porto in fact retained control over the property or contracted to make repairs, there is no basis for imposing liability *(supra,* at 905-906). Plaintiffs' reliance upon *Strunk v Zoltanski* (62 NY2d 572) is misplaced, for in that case the Court of Appeals concluded that "a landlord who, prior to leasing the premises, has knowledge that the tenant may be expected to carry on activities on the premises in such a manner as unreasonably to expose third persons to risk of physical injury has a duty to take such precautions as lie within the control of the landlord reasonably to protect such third persons from the injuries to be foreseen if no such precautions are taken" *(supra,* at 576). Supreme Court's order granting Porto's motion for summary judgment should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.