■ JAMES MURPHY, Respondent, v JOHN FEDUKE, Defendant, and DOROTHY FEDUKE, Appellant.—Mahoney, P. J. Appeal from that part of an order of the Supreme Court (Harlem, J.), entered April 7, 1988 in Broome County, which denied defendant Dorothy Feduke's motion for summary judgment dismissing the complaint against her.

On January 10, 1984, plaintiff sustained a broken arm when he slipped and fell on ice in a parking area maintained by his employer, Feduke Ford, Inc. The property upon which plaintiff fell was owned by defendants, John and Dorothy Feduke, who had purchased the property from Scoville Ford, Inc., in November 1980. At the time of this purchase, Scoville assigned to defendants its interest in a lease by which Scoville rented the property to Ford Leasing Development Company. Pursuant to a sublease with Ford Leasing, Feduke Ford assumed the obligations of the lease. Thus, under these agreements, defendants stood in the shoes of the landlord and Feduke Ford stood as the subtenant bound by the terms of the lease.

As a result of his injury, plaintiff received workers' compensation benefits. Prior to receiving these benefits, plaintiff had commenced a lawsuit against defendants alleging that they had negligently allowed snow and ice to accumulate on the parking lot, thereby creating a dangerous condition. After issue was joined, defendants moved for summary judgment dismissing the complaint.* Supreme Court denied defendant's motion and this appeal followed.

Defendant argues that summary judgment dismissing the complaint against her was improperly denied because plaintiff failed to raise any factual issue concerning her averred lack of actual or constructive notice of the alleged icy condition of the parking lot. We agree. Plaintiff, in opposing defendant's summary judgment motion, submitted an affidavit containing allegations of the icy conditions of the parking lot and defen-

---

* Supreme Court granted partial summary judgment and dismissed the complaint as to defendant John Feduke, who was president of Feduke Ford, reasoning that since plaintiff received workers' compensation benefits, he could not maintain an action against a coemployee (Workers' Compensation Law § 29 [6]). Plaintiff did not appeal from this order. Accordingly, our further references to defendant are to Dorothy Feduke.

dant's constructive notice of such, which were repetitious of allegations in the complaint and bill of particulars. In opposing the summary judgment motion, plaintiff bore the burden of making an evidentiary showing sufficient to raise an issue of fact *(see, Silver v Brodsky,* 112 AD2d 213, 215). An affidavit repetitious of the complaint and bill of particulars does not meet that burden.

Furthermore, defendant's affidavit in support of her motion for summary relief indicated that she did not have any knowledge of any ice and snow accumulation in the parking lot of the car dealership in January 1984. This evidentiary showing entitled her to the relief sought since plaintiff submitted only an attorney's affidavit in opposition. The Court of Appeals clearly stated in *Zuckerman v City of New York* (49 NY2d 557, 560) that "where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue * * * and the submission of a hearsay affirmation by counsel alone does not satisfy this requirement".

We also conclude that Supreme Court erred in denying defendant's summary judgment motion by holding that various lease provisions created a factual issue on the question of control of the premises. Section 7.02 of the lease requires the landlord to make all repairs other than those which the tenant is required to make which are necessary to maintain the improvements in good condition. Section 7.01 of the lease clearly obligates the tenant to make nonstructural repairs necessary to maintain the premises in the condition in which they were on the commencement date, and under the sublease, the subtenant stands in the shoes of the tenant. These provisions impose the responsibility of maintaining the parking lot on the subtenant, Feduke Ford, and not the landlord, defendant, as it is reasonable to conclude that the parking lot was nonstructural and, thus, a duty of the tenant which was assumed by the subtenant *(cf., Hildenbrand v Porto,* 144 AD2d 131; *Mancini v Cappiello Realty Corp.,* 144 AD2d 154).

Finally, we also disagree with Supreme Court's conclusions that sections 15.01 and 15.02 of the lease, which allow defendant to make repairs and correct conditions which were the responsibility of the tenant, provide evidence of sufficient control by defendant so as to impose liability where none might otherwise exist. This court has held that "[a] landlord's mere reservation of the right to enter leased premises for such purposes is insufficient to give rise to liability for a subse-

quently arising dangerous condition; it is only when the landlord had contractually obligated himself to make the repairs that he may be held liable for such a condition as is presented here" *(Mobile Homes Estates v Preferred Mut. Ins. Co.,* 105 AD2d 883, 884).

Applying this rule, defendant may only be liable if she contractually obligated herself to maintain the premises. She made no such commitment and, notwithstanding plaintiff's contention to the contrary, section 15.01 of the lease imposes no such obligation. That section states, "Each party shall have the right at any time * * * to make any payment or perform any act required of such other party under any provision of this Lease". This language bestows merely the right and not any duty or obligation on the other party. Thus, we hold that defendant was not contractually obligated to maintain the parking lot.

Order modified, on the law, with costs to defendant Dorothy Feduke, by reversing so much thereof as denied defendant Dorothy Feduke's motion for summary judgment dismissing the complaint; motion granted and complaint dismissed against said defendant; and, as so modified, affirmed.

Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.

