■ DENNIS CURTIN et al., Appellants, v CAMPBELL DISTRIBUTING COMPANY, INC., et al., Respondents.—Mikoll, J. Appeals (1) from an order of the Supreme Court (Fischer, J.), entered August 15, 1988 in Broome County, which granted a motion by defendant Campbell Distributing Company, Inc., for summary judgment dismissing the complaint against it, (2) from an order of said court, entered August 18, 1988 in Broome County, which granted a motion by defendants Michael Kushner and Virginia Kushner for summary judgment dismissing the complaint against them, and (3) from the judgments entered thereon.

Plaintiff Dennis Curtin (hereinafter plaintiff), a trash collector for the City of Binghamton in Broome County, was injured when a sanitation truck backed into him on property owned by defendants Michael Kushner and Virginia Kushner and leased to defendant Campbell Distributing Company, Inc. The premises were in Campbell's exclusive possession and control pursuant to an oral lease with the Kushners, owners of the property. Plaintiff entered Campbell's loading dock with two co-workers to collect trash. Plaintiff was directed by the truck

driver to remove a two-by-four piece of lumber so as to open the double doors to Campbell's trash bin which was located on its loading dock. The truck driver backed the truck up, pinning plaintiff against the loading dock and injuring him. A co-worker had dismounted from the truck and was in the vicinity of the truck but was not observed by plaintiff to have given directions to the driver.

Plaintiff and his wife commenced this action urging that defendants were negligent in that the garbage bin constituted a dangerous condition. Plaintiffs argue that it was foreseeable that someone who was required to open the bin might be injured by a truck backing up. Plaintiffs contend that defendants had a duty to reduce the risk to plaintiff and, in failing to do so, were negligent.

Defendants moved for summary judgment dismissing the complaint. Supreme Court granted summary judgment to defendants, finding that the sole cause of the accident was the negligence of plaintiff and his two co-workers in failing to exercise ordinary attention and care. The court found that defendants violated no duty of care to plaintiff. Plaintiffs have appealed.

There should be an affirmance. The question of whether plaintiffs have made out a case sufficient in law to support a verdict is for the court to decide (*Basso v Miller*, 40 NY2d 233, 241-242). Plaintiffs alleged that the garbage bin constituted a dangerous condition in that it did not remain open immediately and plaintiff had to hold it open momentarily before it held. Nothing in the record supports plaintiffs' contention that a dangerous condition existed here. The garbage bin involved was not an inherently dangerous instrument. Thus, liability on this theory does not lie (*see, Goslin v La Mora*, 137 AD2d 941, 942; *see also, Hildebrand v Porto*, 144 AD2d 131, *lv denied* 73 NY2d 706).

Defendants owed a duty of reasonable care to plaintiff (*see, Basso v Miller, supra,* at 241). On this threshold question, Supreme Court held that defendants violated no duty of care to plaintiff and that defendants' actions were not the proximate cause of plaintiff's injuries. The intervening negligence of the driver and his co-worker, who was to guide the truck safely to the dock, caused plaintiff's injuries.

In view of our resolution of the question of negligence and proximate cause, it is unnecessary to address the other issues raised by plaintiffs.

Orders and judgments affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.