■ EDWARD W. LAFLEUR, Appellant, v POWER TEST REALTY COMPANY LIMITED PARTNERSHIP, Respondent, et al., Defendants.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Ingrassia, J.), dated June 29, 1988, as granted the cross motion of the defendant Power Test Realty Company Limited Partnership for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a gas station attendant, fell and broke his ankle in a pothole at a service station owned by defendant Power Test Realty Company Limited Partnership (hereinafter Power Test Realty) and leased by the defendant Getty Petroleum Corporation (hereinafter Getty). Power Test Realty was granted summary judgment and the complaint against it was dismissed upon the finding that the subject lease provided for exclusive possession and control of the property by the lessee Getty. The lease in issue also provided that repairs would be made by Getty, at no cost to Power Test Realty. Power Test Realty merely reserved the right to inspect the premises upon notice, and reserved a general right to perform the covenants that Getty failed to perform.

It is well settled that an out-of-possession lessor is not liable

for injuries that occur on the premises unless the lessor has retained control, or is contractually obligated to repair unsafe conditions *(Putnam v Stout,* 38 NY2d 607, 617; *Kennedy v Cassmon Realty Co.,* 139 AD2d 629, 630). Furthermore, a reservation of a general right to inspect the premises does not rise to the level of a contractual duty to repair which imposes liability upon a lessor *(Silver v Brodsky,* 112 AD2d 213). We have specifically held in an analogous situation that "[a]bsent a duty imposed by statute, a landlord's mere reservation of the right to enter a leased premises to make repairs or correct improper conditions is insufficient to give rise to liability for a subsequently arising dangerous condition" *(Silver v Brodsky, supra,* at 214). The plaintiff's proof establishes not only that the lessee's marketing representatives were responsible for reporting necessary repairs to be made by Getty, but that they were in fact aware of the subject pothole. There is no evidence or allegation that Power Test Realty had actual knowledge of the pothole.

The plaintiff's alternative argument that Power Test Realty is liable under Labor Law § 200 must fail as well. As noted in *Silver v Brodsky (supra),* where a duty is imposed by statute, a landlord's retention of a right to enter to make repairs may give rise to liability for a later developing dangerous condition. The duty of an owner to provide a safe workplace is contingent upon a contractual or other actual authority to control the activity during which the plaintiff's injury was sustained, and prior notice of the unsafe condition *(see, Russin v Picciano & Son,* 54 NY2d 311, 317; *Karaktin v Gordon Hillside Corp.,* 143 AD2d 637, 639). Where, as here, there are no allegations that Power Test Realty controlled the operation of the gasoline station, summary judgment was properly granted to it. Brown, J. P., Eiber, Harwood and Rosenblatt, JJ., concur.