■ CATHERINE LYNCH, Respondent, v LOM-SUR COMPANY, INC., Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Travers, J.), entered February 28, 1989 in Rensselaer County, which denied defendant's motion for summary judgment dismissing the complaint.

On May 20, 1960 defendant leased its vacant land in the Town of North Greenbush, Rensselaer County, to Union National Bank, upon which the bank constructed a branch office and parking lot. In this action, plaintiff, a bank employee, seeks recovery for personal injuries sustained when she slipped on ice and fell in the parking lot on her way to work. Defendant moved for summary judgment contending that it retained no control and authority over the premises, nor the right to enter, examine and repair. Supreme Court found that although the lessee covenanted to repair and maintain the premises, the retention of the right to reenter and inspect in the event of a default in the lease constituted sufficient control by defendant to subject it to liability and to deny summary judgment *(see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559). The court further held that the owner-lessor's retention of a reversionary interest was an assumption of the responsibility to keep the property in good condition, citing *Putnam v Stout* (38 NY2d 607). We disagree and reverse.

Initially, we observe that *Guzman v Haven Plaza Hous. Dev. Fund Co. (supra)* is limited by its own terms to a situation involving a duty imposed by a statute to repair and maintain, or to comply with a safety standard *(supra,* at 567, n 4), not found here. We further find that the rule set forth in *Putnam v Stout (supra,* at 617) requires, among other things, a covenant by the lessor to keep the land in repair, also lacking here.

It is well settled that an owner-lessor is not liable in negligence for conditions upon the land after the transfer of possession and control *(see, Mancini v Cappiello Realty Corp.,* 144 AD2d 154, *lv denied* 73 NY2d 708; *Hildenbrand v Porto,* 144 AD2d 131, 132, *lv denied* 73 NY2d 706; *Bellen v Lomanto,* 125 AD2d 905, *lv denied* 69 NY2d 610). The terms of the lease are clear and unambiguous. There is no proof in the record that defendant retained any control over the property or contracted to make repairs, and accordingly, there is no basis for imposing liability *(see, Hildenbrand v Porto, supra; Bellen v Lomanto, supra,* at 905-906). To the contrary, the record firmly establishes that defendant did not retain any degree or possession of control over the land *(see, Mancini v Cappiello Realty Corp., supra,* at 155) and that the lease specifically imposed repairs and maintenance upon the tenant bank which exclusively possessed the premises *(see, Murphy v Feduke,* 145 AD2d 722, 723). Accordingly, defendant's motion for summary judgment dismissing the complaint should have been granted.

Order reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.