■ GLORIA BROOKS, Respondent, v DUPONT ASSOCIATES, INC., Appellant and Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Leland De-Grasse, J.), entered on or about December 11, 1989, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the complaint dismissed, without costs.

While on her way to clock in at her job at the Department of Social Services at 530 West 135th Street, New York, plaintiff fell on some rainwater which had been tracked into the lobby of the building by other employees, injuring her ankle. Although the building custodian had placed rubber mats on the floor after it started to rain, they did not cover the area in front of the time clock where plaintiff fell.

The premises were owned by defendant Dupont Associates, Inc., which net leased the entire space to third-party defendant City of New York. The lease required the landlord, Dupont, to service and maintain the air conditioning, to paint the premises every five years, to maintain the elevators, to pay the sewer and water taxes and to "make all interior and exterior repairs unless caused by tenant's negligence." Dupont did not have an agent on the premises although it retained the right to have its agents inspect the building for proper maintenance. The lease obligated the tenant to "provide its own cleaning services, including window washing, floor waxing and rubbish removal, alleys, sidewalks, roof, basement, window blinds and/or shades." An employee of Dupont testified at a deposition that it was the tenant's obligation to maintain the lobby area. At his deposition, the building custodian, who was employed by the city, testified that it was his job to maintain the building in good condition, including the employees' entrance area where plaintiff fell. His duties also included placing mats down in the lobby area when it rained and inspecting the floors on a daily basis.

Plaintiff brought this action against Dupont to recover damages for the personal injuries she sustained as a result of the fall. Dupont then commenced a third-party action against the city. Dupont moved for summary judgment dismissing the complaint on the ground that it had no control or possession over the subject premises so as to provide sufficient notice, actual or constructive, of the alleged dangerous condition. The Supreme Court denied the motion since it found a triable issue of fact as to whether Dupont retained sufficient control of the premises to impose liability.

The Supreme Court erred in denying defendant's motion for summary judgment. We recently held that "absent statutory duties, a landlord's reservation of the right to enter the leased premises to make repairs or correct improper conditions does not impose liability for a subsequently arising dangerous condition (Schlesinger v Rockefeller Center, 119 AD2d 462, supra; Silver v Brodsky, 112 AD2d 213; Mobile Home Estates v Preferred Mut. Ins. Co., 105 AD2d 883, 884)" (Manning v New

*York Tel. Co.,* 157 AD2d 264, 267). As in *Manning,* plaintiff has not alleged a violation by the landlord of any statute or provision of the Administrative Code of the City of New York sufficient to impose liability *(see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559). Unlike the situation in *Guzman,* the rainwater on the lobby floor was not a significant structural and/or design defect involving specific Administrative Code violations which the landlord could have timely discovered and cured *(see, Manning v New York Tel. Co., supra).* As in *Manning,* the purported defect in this case involved simple general maintenance of the premises, which was the sole responsibility of the tenant. Accordingly, the landlord cannot be held liable and the complaint must be dismissed. Concur— Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.