OPINION OF THE COURT
Edward J. Greenfield, J.
In this action for personal injuries alleged to have been suffered by plaintiffs when a gas stove in their apartment exploded, defendant New York City Educational Construction *1045 Fund (the Fund), a New York City public benefit corporation created by act of the State’s Legislature (Education Law, art 10, § 450 et seq.), has interposed various affirmative defenses asserting the failure of the plaintiffs to serve adequate and proper notice as required by law. Plaintiffs move nunc pro tune for an order granting leave to amend their notice of claim to cure alleged defects, and to strike the affirmative defenses relating to the notice. Defendant Fund cross-moves for summary judgment under CPLR 3212 or alternatively for an order dismissing the complaint pursuant to CPLR 3211 (a) (7). Codefendant, Riverside Park Community (Stage I), Inc. (RCP), a limited-profit housing corporation takes no position.
Defendant Fund takes the position that it has no responsibility for the ownership, operation and maintenance of the building and the repair of fixtures therein, so that the claim against it must be dismissed as a matter of law.
The Fund was created in 1966 to facilitate the financing and construction of school buildings as part of combined occupancy structures so as to minimize the high costs of land, and to have schools constructed together with private commercial or residential developments, thus utilizing the best economic use of available land. The New York City Educational Construction Fund Act empowers the Fund to enter into agreements to acquire real property, to improve it, to have part operated by the Board of Education as a school and to sublease, transfer or convey the remaining portions of the combined occupancy structures to third parties. (Education Law §§ 451, 454; Mars Assocs. v New York City Educ. Constr. Fund, 126 AD2d 178, lv dismissed 70 NY2d 747.)
Exercising its powers, the Fund executed an agreement with the New York City Board of Education and a private developer to construct a combined occupancy structure on Broadway between West 133rd and West 135th Streets. Part of the premises were built as a public school, and part as a multistory apartment building (in which the plaintiffs ultimately resided). The school portion of the premises was leased to the New York City Board of Education and the residential portion thereof was leased and demised to the codefendant, Riverside Park Community.
The general rule is that a landlord is not liable for injuries sustained by third parties on the demised premises if possession has been transferred to the tenant, unless the landlord has covenanted to maintain or repair the premises. (Putnam v *1046 Stout, 38 NY2d 607; Silver v Brodsky, 112 AD2d 213.) The Appellate Division has noted that "absent statutory duties, a landlord’s reservation of the right to enter the leased premises to make repairs or correct improper conditions does not impose liability for a subsequently arising dangerous condition” (Brooks v Dupont Assocs., 164 AD2d 847, 848, citing Schlesinger v Rockefeller Center, 119 AD2d 462; see also, Manning v New York Tel. Co., 157 AD2d 264).
The residential premises here involved is a multiple dwelling, hence, there is a statutory duty upon an owner to keep every part of such multiple dwelling in good repair. (Multiple Dwelling Law § 78.)
The lease between the Fund and RCP, in turning over operation and control of the building to RCP for a period of 75 years, divests the Fund of its status as present owner, for section 401 provides that "Title to the building * * * including without limitation, the residential structure * * * and the building equipment installed therein and any improvements, changes or alterations made thereon or therein and any replacements thereof * * * shall be and remain in lessee [RCP] for the term of the lease.” Only after 75 years does title revert to the Fund. It is plain, therefore, that the Fund could not be considered the title owner of the premises responsible for compliance with the Multiple Dwelling Law.
While the retention of the right to enter into the premises to inspect and make repairs may subject an owner or net lessor to liability (Worth Distribs. v Latham, 59 NY2d 231; Manning v New York Tel. Co., supra), the rights reserved to the Fund herein were extremely limited. Section 501 imposed upon RCP "the right and obligation to repair, renew and maintain * * * and to make structural or non-structural repairs including plumbing, water, gas and electrical fixtures.”
The reservation of the Fund’s right to enter and repair is extremely limited. Section 505 provides, "Lessor, or its representatives * * * shall have the right to enter upon the demised premises for the purpose of inspection of the Development as may be required and/or for the purpose of making repairs to the school portion of the Development.” There is no reservation of the right to enter upon or make repairs in the residential portion. The absence of obligation on the part of the Fund is further spelled out in section 1003, which provides: "Lessor shall have no responsibility for and shall be exempt from any and all liability for any damage or injury to *1047 person or property caused by or resulting from steam, electricity, gas, water, rain, ice or snow * * * unless due to the negligence of the lessor.”
There being a complete divestiture of the right of the Fund to manage and control the residential premises and to make repairs in such fixtures as gas stoves, there can be no liability on the part of the Fund. This is especially true where the defect complained of does not involve structural or design defects in the building which the original owner during construction or postconstruction had opportunity to discover and cure, but involved simple general maintenance after it had turned over the premises, which is deemed to be the responsibility of the lessee. (Manning v New York Tel. Co., supra, at 270, distinguishing the decision in Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559.)
The Fund has not retained any aspect of ownership, management or control of the building in question. All obligations with respect to repair and maintenance are those of RCP, which for all practical purposes has title and is the owner of the residential building for a 75-year term. During that period, there is no right on the part of the Fund to intercede and cause repairs to be made to fixtures in the residential premises. Under those circumstances, the Fund’s cross motion for summary judgment must be granted.
In view of this disposition, plaintiffs’ motion with respect to amending the notice of claim is moot, and the motion is denied.