(January 31, 1991)

■ ELADIO HERNANDEZ, Respondent, v NEUBERT REALTY CORPORATION et al., Appellants.—Order of the Supreme Court, Bronx County (Jack Turret, J.), entered March 15, 1990, which denied the defendants' motion for summary judgment, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs. The clerk is directed to enter judgment in favor of defendants dismissing plaintiff's complaint.

The plaintiff was allegedly injured when he slipped and fell into a repair bay at a garage located on premises owned in fee by defendant Neubert and leased by Neubert to Leemilt's. Leemilt's has, in turn, leased the premises to the Getty Petroleum Corporation and Getty has located one of its franchises there. At the time of the incident giving rise to this action, the franchise was operated by Luis Ponce and Ser-

vando Diaz. Neither Getty nor the franchisees are parties to this lawsuit.

At the completion of discovery, the defendants moved for summary judgment. In support of their motion, they produced evidence showing that, at the time of the alleged incident, they were out of possession; that they had no right of reentry; and that they had no notice of any defective condition on the property. It is well established that, absent some statutory basis for liability, a property owner or master lessor out of possession may not be held liable in tort for injuries caused by defective conditions on the property unless he has notice of the defect and has covenanted to be responsible for its remediation *(Putnam v Stout,* 38 NY2d 607, 616-617; *Schlesinger v Rockefeller Center,* 119 AD2d 462). As plaintiff cites no statute or covenant pursuant to which liability might be imposed, the motion for summary judgment ought to have been granted. Moreover, even if the defendants had covenanted to remain responsible for repairing defects on the subject premises, defendants would still be entitled to judgment for the additional reason that plaintiff has failed to come forward with any evidence that the defendants had notice of any defect, much less the one which caused the complained-of injury *(see, DeVizio v Hobart Corp.,* 142 AD2d 508; *Fischer v Battery Bldg. Maintenance Co.,* 135 AD2d 378). Concur—Murphy, P. J., Kupferman, Milonas, Ellerin and Rubin, JJ.