■ NELLY SUAREZ et al., Plaintiffs, v SKATELAND PRESENTS LACES, INC., et al., Defendants. (Action No. 1.) NELLY SUAREZ et al., Respondents, v LACES ROLLER CORPORATION et al., Defendants, and HERRICKS FOREPLAN INC., et al., Appellants. (Action No. 2.)—In consolidated actions to recover damages for personal injuries, etc., Herricks Foreplan Inc., Diversified Foreplan Associates, L.P., Herbert Rudinger, Edna D. Stoothoff and Edna Elizabeth Stoothoff Miller appeal from an order of the Supreme Court, Nassau County (Molloy, J.), dated October 12, 1990, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff Nelly Suarez and her husband commenced these negligence actions after she was allegedly injured when she slipped and fell while skating at a rollerskating rink. The rink was operated by the defendant Skateland Presents Laces, Inc. (hereinafter Skateland) pursuant to a sublease with Hillside Operating Corp. (hereinafter Hillside). In these consolidated actions, the plaintiffs also sought to recover damages from the appellants on the ground, *inter alia,* that they maintained, controlled, and repaired the premises.

The appellants Edna D. Stoothoff and Edna Elizabeth Stoothoff Miller are the owners in fee of the premises. The appellant Diversified Foreplan Associates, L.P. (hereinafter Diversified) leased the premises from the owners and thereafter assigned the lease to the appellant Herricks Foreplan Inc. (hereinafter Herricks). Herricks is Hillside's landlord. The appellant Herbert Rudinger is the president of Herricks. The Supreme Court denied the appellants' motion for summary judgment on the ground that they failed to sustain their burden of showing that they do not control the premises. We disagree.

The law is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control or is contractually obligated to repair unsafe conditions *(see, Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731; *Lynch v Lom-Sur Co.,* 161 AD2d 885; *La Fleur v Power Test Realty Co. Ltd. Partnership,* 159 AD2d 691; *see also, Putnam v Stout,* 38 NY2d 607). The rider to the lease between Hillside and Skateland provides that Skateland shall have exclusive possession and control of the premises. The appellants therefore met their burden of proof, and the plaintiffs failed to offer evidence sufficient to raise a triable issue of fact as to the appellants' control over the premises. Accordingly, since there is no basis for imposing liability on the out-of-possession appellants, their motion for summary judgment should have been granted.

We have examined the plaintiffs' contention concerning Rudinger's individual liability and find it to be without merit. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.