■ MARY HARGRAVE et al., Respondents, v SEARS, ROEBUCK & COMPANY, Respondent, and ARNOT REALTY CORPORATION, Appellant.—Weiss, P. J. Appeal from an order of the Supreme Court (Ellison, J.), entered February 10, 1992 in Chemung County, which denied defendant Arnot Realty Corporation's motion for summary judgment dismissing the complaint against it.

Plaintiff Mary Hargrave (hereinafter plaintiff) fell and injured herself on a sidewalk at a shopping mall owned by defendant Arnot Realty Corporation. Plaintiff alleged that the sidewalk upon which she fell was outside the entrance to defendant Sears, Roebuck & Company's automotive center. In its motion for summary judgment, Arnot demonstrated that the automotive center and adjacent sidewalk were under the control and possession of Sears pursuant to a lease in which Arnot relinquished control and possession of the demised premises. In opposition to Arnot's motion, a Sears employee reviewed the photographs which plaintiff identified as depicting the sidewalk upon which she fell and asserted that the type of sidewalk shown therein was not in the area adjacent to the Sears store at the time of the accident. By an order[*] entered February 10, 1992, the motion was denied. Arnot has appealed.

We find that Arnot made a prima facie showing that it did not possess or control that area clearly described by plaintiff as the place where she fell *(see, Lynch v Lom-Sur Co.,* 161 AD2d 885). The burden then shifted to the opposing parties to submit evidentiary facts sufficient to create a factual issue

---

[*] The record contains neither a memorandum decision nor explanation of Supreme Court's decision, which unfortunately deprives us of its reasoning and rationale *(see, Dworetsky v Dworetsky,* 152 AD2d 895).

*(see, Zuckerman v City of New York,* 49 NY2d 557). While Sears produced evidentiary proof that the area of the sidewalk shown in plaintiff's photographs was not adjacent to its store, only speculation and surmise suggests that the sidewalk must belong to Arnot if it was not under the control of Sears *(see, Place v Grand Union Co.,* 184 AD2d 817). We find that Sears failed to make a showing sufficient to defeat Arnot's motion for summary judgment. The factual issue of Sears' liability remains for resolution at trial.

Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Arnot Realty Corporation and complaint dismissed against said defendant.