■ ROBERT BUDDENHAGEN, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY, Appellant. [602 NYS2d 25] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Seidell, J.), dated March 28, 1991, which denied its motion for summary judgment dismissing the complaint, and (2) from so much of an order of the same court, dated July 17, 1991, as, upon reargument and renewal, adhered to its prior determination.

Ordered that the appeal from the order dated March 28, 1991, is dismissed, as that order was superseded by the order dated July 17, 1991, made upon reargument and renewal, and it is further,

Ordered that the order dated July 17, 1991, is reversed, on the law, the order dated March 28, 1991, is vacated, the defendant's motion for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff was injured when he slipped and fell while climbing stairs alleged to be unsafe located at the Long Island Rail Road station in Lindenhurst. We disagree with the Supreme Court that there is an issue of fact as to whether the defendant Metropolitan Transportation Authority is the owner of the subject premises. In any event, since the record clearly establishes that the defendant did not maintain any sort of control or operation of the premises, or was contractually obligated to repair unsafe conditions, the defendant could not be held liable (see, Putnam v Stout, 38 NY2d 607, 617; Suarez v Skateland Presents Laces, 187 AD2d 500; Stewart v

*Yeshiva Nachlas Haleviym,* 186 AD2d 731; *Bellen v Lomanto,* 125 AD2d 905; *see also, Noonan v Long Is. R. R.,* 158 AD2d 392). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.