■ MARY L. CALABRESE et al., Respondents, v B.P.O. ELKS LODGE #744, Appellant. [626 NYS2d 224] —In an action to recover damages for personal injuries, etc., the defendant

appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 24, 1994, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Mary Louise Calabrese alleged in her pleadings that she slipped and fell on a dance floor on the defendant's premises as a result of the defendant's negligence in allowing slippery and hazardous substances to collect on the floor. In opposition to the defendant's motion for summary judgment, the plaintiff submitted affidavits by various witnesses who were guests on the premises at the time of the occurrence in which they averred that the dance floor was "very slippery and highly waxed".

" '[T]he fact that a floor is slippery by reason of its smoothness or polish, in the absence of a negligent application of wax or polish, does not give rise to a cause of action or give rise to an inference of negligence' " (*Pizzi v Bradlee's Div.*, 172 AD2d 504; *Silver v Brodsky*, 112 AD2d 213). The plaintiffs have failed to present any evidence demonstrating that the defendant was negligent in its application of wax or polish to the floor or that it otherwise created a hazardous condition.

There is also no evidence in the record that a foreign substance was present on the floor. Moreover, even assuming that a foreign substance was present and caused the injured plaintiff to fall, the plaintiffs cannot rely on any constructive notice to the defendant in the absence of proof of how long the substance was permitted to remain on the floor prior to the injured plaintiff's fall. Nor can actual notice to the defendant be inferred from any facts appearing in the record (*see, Silver v Brodsky, supra*). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.