■ TIMOTHY J. DUFFICY et al., Appellants, v WHARF BAR & GRILL, INC., Defendant, and 416 BEACH 116TH STREET CORP., Respondent. (And Third-Party Actions.) [629 NYS2d 808] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated April 19, 1994, as granted that branch of the motion of the defendant 416 Beach 116th Street Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondent payable by the appellants.

The law is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control or is contractually obligated to repair unsafe conditions (*see, Putnam v Stout*, 38 NY2d 607, 617; *Suarez v Skateland Presents Laces*, 187 AD2d 500). The record supports the Supreme Court's finding that the respondent did not retain control of the premises and was not obligated to repair unsafe conditions.

Furthermore, a reservation of a general right to inspect the premises does not give rise to a contractual duty to repair which imposes liability upon a lessor (*see, Lafleur v Power Test Realty Co. Ltd. Partnership*, 159 AD2d 691, 692; *Silver v Brodsky*, 112 AD2d 213). However, a landlord's reservation of the right to re-enter, inspect, and make repairs, even without a duty to do so, may subject a landlord to liability, provided the plaintiff shows that the landlord breached specific provisions of the Administrative Code of the City of New York (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559). Having failed to raise before the Supreme Court the specific provisions of the Administrative Code of the City of New York allegedly violated by the respondent, any claim that provisions were violated is unpreserved for appellate review. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.