■ ROGER T. QUINN et al., Plaintiffs, v FIGGIE INTERNATIONAL, INC., et al., Respondents, and COUNTY OF SUFFOLK, Appellant. (And a Third-Party Action.) [671 NYS2d 325] —In an action to recover damages for personal injuries, etc., the defendant County of Suffolk appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered April 10, 1997, as denied that branch of its motion which was for summary judgment dismissing the cross claims of the corporate defendants based upon alleged acts of negligence "independent from those committed by the injured plaintiff and VEEB [Suffolk County Vocational Education and Extension Board] employees".

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control or is contractually obligated to repair unsafe conditions (*see, Baker v Getty Oil Co.,* 242 AD2d 644; *Suarez v Skateland Presents Laces,* 187 AD2d

500, 501). Here, there are triable issues of fact existing with regard to the appellant's liability for the plaintiff Roger T. Quinn's injuries (*see, Gonzales v Shop Smart Grocery,* 202 AD2d 633, 634, citing *Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559).

The appellant's remaining contentions are without merit. O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.