■ JOSEPH SCHIAVONE et al., Respondents-Appellants, v 382 McDONALD CORP., Respondent, CAMINITO IRON WORKS, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. PSK SUPERMARKETS, INC., Doing Business as MET FOOD, Third-Party Defendant-Appellant-Respondent. [674 NYS2d 425] —In an action to recover damages for personal injuries, etc., (1) the third-party defendant PSK Supermarkets, Inc., d/b/a Met Food appeals from so much of an order of the Supreme Court, Kings County (Greenstein, J.), dated March 7, 1997, as denied its motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it, and (2) the plaintiffs cross-appeal from so much of the same order as granted the motion of the defendant 382 McDonald Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, and the motion of the third-party defendant PSK Supermarkets, Inc., d/b/a Met Food is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appellant-respondent and the defendant-respondent are awarded one bill of costs payable by the defendant third-party plaintiff-respondent and the respondents-appellants.

The plaintiff Joseph Schiavone, an employee of the third-party defendant PSK Supermarkets, Inc., d/b/a Met Food (hereinafter PSK), was injured when the exterior roll-up metal gates at the supermarket fell down on him. PSK leased the premises from the defendant 382 McDonald Corp. (hereinafter 382 McDonald), and the gates were constructed and installed by the defendant third-party plaintiff Caminito Iron Works, Inc. (hereinafter Caminito Iron).

It is well settled that an out-of-possession lessor is not liable for injuries that occur on the premises unless the lessor has retained control or is contractually obligated to repair the unsafe conditions (see, Baker v Getty Oil Co., 242 AD2d 644; Johnson v Urena Serv. Ctr., 227 AD2d 325; Stark v Port Auth., 224 AD2d 681; Gilbert v 4905 Ave. D. Realty, 224 AD2d 659; Dalzell v McDonald's Corp., 220 AD2d 638; Dufficy v Wharf Bar & Grill, 217 AD2d 646; June v Zikakis Chevrolet, 199 AD2d 907; Brady v Cocozzo, 174 AD2d 814). Here, the plaintiffs have offered no evidence that 382 McDonald had any right or obligation to maintain the safety of the premises or any right to reenter and inspect the property. Therefore, the Supreme

Court properly granted summary judgment in favor of that defendant.

The Supreme Court, however, improperly denied the motion of PSK for summary judgment. A possessor of realty owes a duty to maintain the property in a reasonably safe condition (*see, Basso v Miller,* 40 NY2d 233, 241) and one who alleges a defective condition must prove that the possessor had either actual or constructive notice of the defect in order to recover (*Farrar v Teicholz,* 173 AD2d 674). In opposing the motion, Caminito Iron offered no evidence that PSK had either actual or constructive notice of the alleged defective condition in the gates, so as to defeat PSK's entitlement to summary judgment (*cf., Gordon v American Museum of Natural History,* 67 NY2d 836). Bracken, J. P., Copertino, Joy and McGinity, JJ., concur.