■ Oscar Gill, Appellant-Respondent, v J.S. Rose Enterprises, Inc., et al., Respondents, and Britton Realty Co., Inc., et al., Respondents-Appellants. [708 NYS2d 161] —In an action to recover damages for personal injuries, the plaintiff Oscar Gill appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated August 16, 1999, as granted that branch of the motion of the defendants J.S. Rose Enterprises, Inc., and Rose Fence, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Britton Realty Co., Inc., B.L.D.G. Management, Inc., d/b/a Wimbley Management, Inc., and Lloyd Goldman d/b/a Bristol Management Co. cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and granted that branch of the motion of the defendants J.S. Rose Enterprises, Inc., and Rose Fence, Inc., which was for

summary judgment dismissing all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants J.S. Rose Enterprises, Inc., and Rose Fence, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiff by the defendants J.S. Rose Enterprises, Inc., and Rose Fence, Inc.

The plaintiff brought this action after he was injured when a chain link fence against which he had been leaning gave way, causing him to fall down a stairway. The court correctly found the defendants Britton Realty Co., Inc., B.L.D.G. Management, Inc., d/b/a Wimbley Management, Inc., and Lloyd Goldman d/b/a Bristol Management Co., the owners and managers of the property, were not entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Those defendants failed to establish that they had no notice of the alleged defect, or that the fence and stairway in question were a part of the premises demised to the lessee, or that the lessee or any other tenant had exclusive control of the fence and stairway (*see, Fucile v Grand Union Co.,* 270 AD2d 227; *Schiavone v 382 McDonald Corp.,* 251 AD2d 486).

However, the court erred in granting summary judgment dismissing the complaint insofar as asserted against the defendants J.S. Rose Enterprises, Inc., and Rose Fence, Inc. (hereinafter the Rose defendants). The Rose defendants failed to meet their burden of showing as a matter of law that there was no material issue of fact as to whether they installed or repaired the fence, especially in light of the presence of the "Rose Fence" sign thereon (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.