■ JOAN DELLAROCCO, Appellant, v 78-14 ROOSEVELT, INC., Doing Business as JACKSON SHOPPING PLAZA, Defendant and

Third-Party Plaintiff-Respondent, et al., Defendants. W.A.C. DRUG DISTRIBUTORS, INC., Doing Business as DRUG EMPORIUM, Third-Party Defendant-Respondent. (And Other Titles.) [715 NYS2d 656] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Weiss, J.), dated August 5, 1999, which granted the motion of the defendant 78-14 Roosevelt, Inc., d/b/a Jackson Shopping Plaza, for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court entered September 27, 1999, dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The defendant 78-14 Roosevelt, Inc., d/b/a Jackson Shopping Plaza, established its entitlement to judgment as a matter of law since it did not install the gate at issue and, as an out-of-possession landlord, it could not be held liable for injuries occurring on the premises. In response to the motion for summary judgment, the plaintiff failed to raise any triable issue of fact (*see, Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663, 668; *Gross v City of New York,* 207 AD2d 525, 526; *see also, Schiavone v 382 McDonald Corp.,* 251 AD2d 486; *Dufficy v Wharf Bar & Grill,* 217 AD2d 646). Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.