## (January 27, 1966)

■ GOLDIE HARRIS et al., Appellants, v. JACK SMITH, as Administrator of the Estate of SAM WOLF, Deceased, Respondent.— HAMM, J. Appeal from a judgment in favor of the defendant granted at the close of the plaintiffs' evidence (CPLR 4401). The appellants are husband and wife. The appellant husband leased a Summer bungalow from the respondent's intestate on April 24, 1962. On July 9, 1962, the appellant wife fell as she was entering the dinette of the leased premises from an adjoining bedroom. According to the appellants' evidence the dinette was covered with asphalt tile and on the bedroom floor there was an oilcloth rug. Between the oilcloth and asphalt there was a space of uncovered wooden floor about eight inches in width and about a half inch lower than the asphalt and about an eighth of an inch lower than the oilcloth. The asphalt tile, where it ended at the uncovered wood flooring, was frayed, worn and raveled and a piece of tile about an inch and three quarters by a half inch was broken off and missing. The plaintiff testified that her foot became caught in the floor covering of the dinette and that as a result she tripped and fell. The appellants argue that there was sufficient evidence for submission to the jury "that the defendant reserved a degree of control" over the premises and that the trial court erred "in prohibiting testimony by plaintiff as to subsequent repairs to the premises, on the question of defendant's reservation of control of the premises." As to the first issue raised they rely on three items, a roof repair, "staples on the floor" and a provision of the lease. As to the roof repair the landlord was asked on an examination before trial the last time that any work had been done on the bungalow prior to July 9, 1962, and answered that nothing had been done "except there is a leak in the roof that's been done." No further inquiry whatever was made and, as there

is no evidence that the repair occurred during the term of the lease, the appellants are not aided by the answer elicited. As to stapling there was testimony by the appellant wife that on her return from the hospital she "noticed there was staples on the floor" but this evidence likewise does not aid the appellants as the record contains no proof as to who installed the staples in the appellant's absence. Finally the appellants rely on the following provision of the lease: "The Landlord reserves the right to enter premises occasionally for the purpose of inspection." But the mere reservation by the landlord of the right to enter the premises for the purpose of inspection did not establish such occupation and control in him as to render him liable for the condition of the floors (*Berman* v. *H. J. Enterprises*, 13 A D 2d 199, 202–203). As to the court's alleged error in prohibiting testimony by the appellant wife as to repairs on the question of the landlord's "reservation of control", it is clear from the record that both court and counsel were referring to negligence based on an allegedly hazardous condition and not to control. The court said: "under the law if there's a change made after the occurrence of the event, it's inadmissible. It's not an admission on the part of anybody." Thereupon counsel interrupted his direct examination of the appellant wife to read excerpts from the landlord's examination before trial to the effect that no repairs had been made since the accident. During the course of his reading counsel read the following question and answer: "Q. Now, had you done any repairs to the blocked tile since that time? A. No." and then stated: "See, that's what I'm trying to show up to the time that Mr. Orseck objected to." And on conclusion of his reading he further stated: "Now, your Honor, this witness I believe before I commenced to read this testimony testified regarding some staples and she said there was no changes made, so that I think the question therefore was pertinent because it showed the same condition." Thus it is perspicuously apparent that counsel was seeking not to show repairs by the landlord but rather "the same condition" because of absence of repairs. And had counsel informed the court that he wished, contrary to his stated express intention, to offer evidence of repairs on the issue of control, the court, of course, would have permitted him to do so. We find no prejudicial error. The respondent would raise the additional issues that, even had the landlord been in occupation and control, the condition complained of was not such as to constitute actionable negligence and, even if it had been, the proof of the appellant wife's familiarity with the premises was such that she was guilty of contributory negligence as a matter of law, but we find it unnecessary to reach the merits of these contentions. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.