■ COMMISSIONERS OF THE STATE INSURANCE FUND, Appellants, v ATLANTIC SANDBLASTING SERVICE, INC., Respondent.—Order, Supreme Court, New York County, entered January 30, 1976, vacating a default judgment against the defendant, unanimously affirmed, without costs and without disbursements. Atlantic Sandblasting Service, Inc., had applied to the Commissioners of the State Insurance Fund for workmen's compensation insurance through a broker. The premium to be paid for such insurance is dependent on the type of work the applicant performs. Atlantic represented that it was engaged in painting a dry-dock. The commissioners sought to reclassify Atlantic and to require payment of a higher premium, since it claimed that the proper work classification for Atlantic was painting of ship hulls. Atlantic refused to pay the difference in premiums and the commissioners initiated this suit by service of a summons and verified complaint upon the Secretary of State, as agent of Atlantic (Business Corporation Law, § 306, subd [b]). When Atlantic failed to appear and answer, a default judgment was entered. Atlantic, after notice of the default judgment, promptly moved at Special Term to vacate the default, which motion was granted. We would affirm. Vacatur of a default requires a showing of adequate excuse for the default, as well as a meritorious defense *(Ad Press, Ltd. v Environmental Enterprises,* 41 AD2d 636, 637). In the case at bar, the address of Atlantic filed with the Secretary of State was inadvertently not updated and therefore Atlantic never received notice of the lawsuit. After it became aware of the default, Atlantic acted promptly to move to vacate the default judgment entered against it. While no specific affidavit of merits was submitted, the controversy on its face articulates the merits; namely, whether a floating dry-dock is a "dry-dock" or a "vessel" for workmen's

compensation insurance purposes. The policy of our courts favors disposition of suits on the merits. Since adequate excuse and a meritorious defense were presented to Special Term, vacatur of the default was providently granted *(Lang v French & Co.,* 48 AD2d 641). Concur—Birns, J. P., Silverman, Capozzoli and Lane, JJ.