■ ROBERT KERWIN, Appellant, v R. G. SELLIG, Respondent. — Appeal from an order of the Supreme Court at Special Term (Lynch, J.), entered February 9, 1982 in St. Lawrence County, which granted defendant's motion to vacate a default judgment rendered in favor of plaintiff. This case presents another instance in which this court is constrained by *Barasch v Micucci* (49 NY2d 594) and its progeny. The present action was instituted by the service on defendant of a summons and complaint on October 7, 1981. Thereafter, on December 15, 1981, plaintiff, not having received a notice of appearance, secured a default. On December 28, 1981, a notice of appearance was served on behalf of defendant. The notice of appearance was rejected and on or about January 18, 1982, defendant moved to vacate his default. The motion was granted and this appeal ensued. Defendant is unable to specifically detail the reason for the delay. Rather, defendant states that on the date he was served with the summons and complaint, October 7, 1981, he so informed a representative of his insurance carrier and he heard nothing further concerning the case until he received notice of the default. This being the case, the delay here must be characterized as a failure by the insurance carrier. Such excuses have been held to be akin to law office failure (*Bernard v City School Dist. of Albany*, 89

AD2d 676). And, the Court of Appeals had stated that it is an abuse of discretion to vacate a default upon the application of a defendant whose only excuse is law office failure (*Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; see, also, *Barasch v Micucci, supra*). Accordingly, the order must be reversed. Order reversed, on the law, with costs, and motion by defendant denied. Mahoney, P. J., Sweeney, Kane, Mikoll and Yesawich, Jr., JJ., concur.