■ MARTHA ELLIS et al., Respondents, v NANCY P. ELLIS, as Administratrix C.T.A., of the Estate of LEWIS B. PARMERTON, Deceased, Appellant. — Appeal from an order of the Supreme Court at Special Term (Keane, J.), entered May 7, 1982 in Tioga County, which denied defendant's motion to dismiss the action and granted plaintiffs' cross motion for an extension of time within which to serve a complaint. This action was commenced by service of the summons with notice on December 22, 1980. Defendant's attorneys served a notice of appearance and demand for the complaint on December 30, 1980. When no complaint was served, defendant moved to dismiss the action on September 30, 1981. Plaintiffs cross-moved for an extension of time within which to serve a complaint. Special Term denied defendant's motion and granted plaintiffs' cross motion. This appeal ensued. There must be a reversal. Accepting as true the allegations of plaintiffs' counsel, in his supplemental affidavit, that he

---

actually mailed a copy of the complaint to defendant's counsel on March 19 or 20, 1981, there remains the two-month delay after the time to serve the complaint expired in mid-January, 1981 (see CPLR 3012, subd [b]). It is alleged that this delay was "due to the complexities of the case, sorting out the details of what took place and an attempt to determine to some degree of accuracy the extent of damages involved in this matter". An examination of the five and one-half page complaint reveals that both causes of action are based upon uncomplicated allegations of malpractice by the deceased attorney. The complaint alleges that in drafting a will for his client, Clara Jayne, the deceased attorney negligently omitted specific bequests to each plaintiff that were contained in her prior will and negligently failed to provide a contingency clause in the event that her husband, to whom she bequeathed the bulk of her estate, should predecease her. We see nothing so complex in these allegations of malpractice as to justify or excuse a two-month delay in drafting the complaint. Such an excuse is patently inadequate (see *Stewart v State Farm Mut. Auto Ins. Co.,* 71 AD2d 705, mot for lv to app dsmd 48 NY2d 1014), and defendant's motion, therefore, should have been granted. Order reversed, on the law, with costs, and defendant's motion to dismiss the action granted. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.