■ IRWIN M. LAPIDES, INC., Doing Business as ACTIVE PLUMBING AND HEATING CO., Appellant, v EDWARD PRATT et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered May 20, 1982 in Rensselaer County, which, *inter alia,* granted defendants' motion to vacate a default judgment rendered in favor of plaintiff. This action was instituted by the service of a summons with notice on June 2, 1981. A notice of appearance and demand for the complaint was served on plaintiff's attorney on June 8, 1981. The complaint was served on July 14, 1981. By letter received by plaintiff's attorney on August 6, 1981, defendants requested a 30-day delay in serving their answer. There was no response to this request and there was no further request for an extension of time to answer. A default judgment was entered in Rensselaer County on September 22, 1981, 46 days after the default

occurred. Defendants initially moved to vacate their default on October 29, 1981, by order to show cause, 83 days after the date of the default in answering (Aug. 7, 1981). This motion was denied for insufficient papers with leave to renew. Thereafter, on November 24, 1981, defendants renewed their motion to vacate. Special Term granted this motion by order entered May 20, 1982. This appeal followed. The order entered at Special Term must be reversed and the motion to vacate the default judgment denied. The complaint set forth an action for the recovery of money due and owing for work, labor and services rendered by plaintiff to defendants pursuant to an alleged oral contract by which plaintiff was to renovate two bathrooms in a duplex house owned by defendants. Defendants indicate their defense to be that the work was performed in a defective, negligent and unworkmanlike manner. Contrary to defendants' claims, this does not, in our view, appear to be such a complex case as to justify the delay in preparing and serving the answer. Defendants' attorney asserts that his legal work as an Assistant District Attorney resulted in "the inadvertent failure to renew the request for the needed information from the defendants and to actually prepare and serve the Answer and Counterclaim". If, as is claimed, defendants were not able to gather the material necessary to prepare a timely answer, defendants' attorney could have moved for an extension of time to answer (*Eaton v Equitable Life Assur. Soc. of U.S.*, 56 NY2d 900). The excuses for delay offered here must be characterized as law office failure and it was, therefore, an abuse of discretion for Special Term to have granted the order vacating the default (*Eaton v Equitable Life Assur. Soc. of U.S., supra;* see *Barasch v Micucci,* 49 NY2d 594; *Kerwin v Sellig,* 91 AD2d 705; *Ellis v Ellis,* 91 AD2d 711). Order reversed, on the law, with costs, and motion by defendants denied. Mahoney, P.J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.