■ NICKY A. SALVAGNE, Appellant, v TRANSAMERICA INSURANCE COMPANY, Respondent. — Order, Supreme Court, New York County (Blangiardo, J.), entered October 26, 1982, resettling a prior order (same court, same Justice), entered January 8, 1982, which (1) granted defendant's motion to excuse its default in appearing in opposition to plaintiff's motion for summary judgment, (2) granted leave to submit papers in opposition thereto, and (3) vacated the judgment theretofore entered December 7, 1981, unanimously reversed, on the law, with costs and disbursements, defendant's motion to resettle denied and the said judgment entered December 7, 1981 reinstated. This action was brought under section 167 (subd 1, par [b]) of the Insurance Law following inquest and entry of judgment against respondent's insured, the City of New York. Transamerica failed or refused to defend its insured in the underlying personal injury action, wherein judgment was entered in favor of plaintiff in the sum of $15,000, plus costs. This direct action to recover on the judgment was brought in March, 1980. The record reflects a continuous pattern of default and neglect so as to preclude the court from exercising its discretion to excuse defendant's failure to appear in opposition to plaintiff's motion for summary judgment. The motion was granted on default when respondent's opposing papers were rejected on the November 21, 1980 return date of the motion as having been untimely served. On March 17, 1981, an order and judgment was entered thereon. Six weeks prior thereto, on February 5, 1981, respondent had moved to excuse its default and for permission to file papers in opposition, contending that difficulty had been encountered in securing an affidavit needed to oppose the original application. It was also alleged that the city did not comply with the notice provisions of the policy, in that the insurer first learned of the action on January 18, 1980, five years after suit had been instituted against the city. Special Term, in a memorandum dated April 7, 1981, granted the motion, directing that an order be settled. Respondent, however, allowed eight months to elapse before settling an order on December 5, 1981. The order restored the motion to the calendar of Special Term, Part I for January 20, 1982, providing for service upon plaintiff no later than January 13. Defendant thereupon neglected to serve plaintiff and the motion was never added to the calendar of Special Term. It was not until execution had been issued on July 21, 1982 on plaintiff's judgment, that the insurer sought another order to show cause resettling the prior order, excusing its default and again restoring the motion to the calendar. On review of the record, we are in agreement that under the circumstances of this case, it was an abuse of discretion as a matter of law to afford respondent still another opportunity to appear in opposition to the motion for summary judgment. An application to vacate a default requires a showing of adequate legal excuse, as well as a meritorious defense (*Commissioners of State Ins. Fund v Atlantic Sandblasting Serv.*, 58 AD2d 751; *Ad Press v Environmental Enterprises,* 41 AD2d 636). Here, almost from inception, the conduct of respondent has reflected laxity and a disregard for applicable court rules, demonstrating a disinterest and failure to defend this action. No excuse is offered for the eight-

month lapse in settling an order after defendant's default had been excused, following which the insurer failed to serve the order to restore the motion to the calendar of Special Term. Thereafter, once again, defendant neglected the matter for another seven months, taking no action until execution had issued, when respondent sought to resettle the order. Thus, with respect to one motion for summary judgment, there were three separate defaults extending from November, 1980 until August, 1982, which could only be considered as law office failure, an excuse which the Court of Appeals has rejected as a proper basis for an application to vacate a default judgment. (*Eaton v Equitable Life Assur. Soc. of U. S.*, 56 NY2d 900; *Q.P.I. Rests. v Slevin*, 58 NY2d 769; cf. *Barasch v Micucci*, 49 NY2d 594.) Moreover, respondent has failed to demonstrate that there exists a meritorious defense as is required upon such a motion. Having failed or refused to defend its insured in the underlying action, it may not relitigate the merits of that case. Furthermore, inasmuch as it appears on this record that respondent was notified as to the underlying claim, but thereafter refused to defend its insured, it may not now assert any failure by the city to give timely notice in accordance with the terms of the policy. The letter from the insurer to its insured, dated July 17, 1974, admits due and timely notice of the claim. The insurer has also taken the position that, with respect to the underlying action commenced on or about January 28, 1975, the city (1) failed to timely notify the insurer that suit had been instituted; (2) did not promptly transmit to the carrier the summons which had been served; and (3) did not request the insurer to defend it in the action until January 18, 1980, shortly prior to the inquest, all of which was in direct violation of the terms of the policy. However, these arguments could have and should have been timely interposed in November, 1980, on the original motion for summary judgment. Assuming that there is merit to this claim, there is nothing to excuse the one-year and nine-month period of inactivity, delay and default which properly characterizes the defense of this action. Concur — Sandler, J. P., Carro, Fein, Kassal and Alexander, JJ.