■ Shelley Klein et al., Appellants, v Actors and Directors Lab et al., Defendants, and 42nd Street Redevelopment Corp. et al., Respondents. — Order, Supreme Court, New York County (Richard Lane, J.), entered June 28, 1982, conditionally granting plaintiffs' motion for a default judgment unless respondents paid $500 costs, in which event the motion was denied and the cross motion for leave to serve an answer to the complaint granted, unanimously modified, on the law, without costs, so as to grant the motion unconditionally and direct entry of a default judgment as against respondents, deny the cross motion for leave to serve an answer, and to remand the matter for an assessment of damages and otherwise affirmed. The action was brought to recover for personal injuries sustained as the result of a sexual assault at a building owned by defendants located at 412 West 42nd Street, New York City. Plaintiff, Shelley Klein, had been enrolled as a student in the Actors & Directors Lab, a lessee of four of the five floors in the building. The action as against 42nd Street Redevelopment Corp. (Redevelopment) and 42nd Street Local Development Corporation (Local) was commenced on February 28, 1981, by the service of a summons with notice upon Frederick Papert, president of both corporations. Defendants-respondents, through their insurer, sought extensions of time to appear, the first from March 25 to May 24, 1981 and the second from the latter date until June 9, 1981. After these written stipulations had expired, no further extensions were requested. Nor was a notice of appearance served. On June 30, 1981, plaintiffs mailed the insurer a copy of the verified complaint and on August 25, 1981, they wrote to Crum & Forster,

enclosing copies of the affidavits of service, requesting that an answer be served and advising that upon failure to do so, necessary action would be taken. On October 9, 1981, four months after expiration of the last extension of time, plaintiffs moved for a default judgment and an assessment of damages, severing the action as against the nondefaulting defendants. In the alternative, plaintiffs sought substantial costs and counsel fees to be assessed in the total sum of $5,000. Redevelopment and Local cross-moved to permit them to interpose answers to the complaint. In seeking to excuse the default, they claimed that they were under the impression that an answer had been served and that the default resulted from changes within the insurer's claims department, which created an increased burden upon the carrier, which had to retain independent attorneys to deal with the thousands of claims which had been filed. On the merits, defendants asserted that Redevelopment was not in existence at the time of the occurrence; that the premises had been leased to Actors & Directors Lab, which was obligated to furnish sufficient security; that an intercom system has been installed; and that plaintiff was contributorily negligent. Upon an application to excuse a default in appearance, a party must affirmatively establish the existence of a meritorious defense and a legally acceptable excuse for the default (*Commissioners of State Ins. Fund v Atlantic Sandblasting Serv.,* 58 AD2d 751; *Ad Press v Environmental Enterprises,* 41 AD2d 636). As applied here, defendants have failed to offer a meritorious defense to the action. The fact that defendants were not in possession and control is not determinative as against a claim by a third party. A lessor out of possession may be held liable for personal injuries proximately resulting from the failure of the owner to perform under a covenant which requires the lessor to repair defects and maintain the premises in a reasonably safe condition (*Putnam v Stout,* 38 NY2d 607). Liability has been extended to include criminal acts by third parties (see *Nallan v Helmsley-Spear, Inc.* 50 NY2d 507; *Greenberg v City of Yonkers,* 37 NY2d 907; *Loeser v Nathan Hale Gardens,* 73 AD2d 187; *Sherman v Concourse Realty Corp.,* 47 AD2d 134). Here, apparently, defendants have retained control over portions of the premises, including the place of the occurrence. It is admitted that they undertook to install an intercom system as a security device. The claim that Redevelopment was not in existence at the time of the attack does not afford a meritorious defense since it is clear on this record that there was a reincorporation and change of name, which, under subdivision (h) of section 1411 of the Not-for-Profit Corporation Law, does not effect a dissolution of the corporation. Nor have defendants offered any legally justifiable excuse for the failure to appear. The alleged disruption in the claims office, at best, amounts to law office failure, which the Court of Appeals has rejected as a proper basis to excuse a default (*Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900; *Q.P.I. Rests. v Slevin,* 58 NY2d 769; cf. *Barasch v Micucci,* 49 NY2d 594). The fact that the lapse or delay here was by the insurance carrier, before an attorney had been designated, does not in any way excuse the default. Such delay caused by a failure of an insurance company to take prompt action to avoid a default is akin to law office failure and, as a matter of law, is insufficient as an excuse (*Kerwin v Sellig,* 91 AD2d 705; *Kliman v Hutchinson Assoc.,* 91 AD2d 626; *Bruno v Village of Port Chester,* 77 AD2d 580). As applied here, no real excuse is offered for the failure to appear. The absence of an excuse for the default is dispositive (*Verre v Rosas,* 47 NY2d 795). Similarly determinative is the fact that it is clear on this record that no meritorious defense exists. Under the circumstances, we are in agreement that Special Term abused its discretion in excusing the default and in permitting defendants to appear in the action and to interpose an answer to the complaint. Concur — Ross, J. P., Carro, Asch, Milonas and Kassal, JJ.