■ JOSEPH COBBS, Appellant, v RUN TRANSIT, INC., et al., Defendants, and S & M TRUCK CORP., Respondent. (And a Third-Party Action.) — In an action to recover damages for personal injuries sustained in an automobile accident, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.), dated June 22, 1984, as, upon granting reargument and vacating his default in appearing at oral argument of a prior motion to vacate a prior default, adhered to its original determination which found him to be in default and dismissed the action, insofar as it is asserted against respondent S & M Truck Corp.

Order affirmed, insofar as appealed from, with costs.

Contrary to plaintiff's assertions, it was not an improvident exercise of discretion for Special Term to refuse to vacate the dismissal of the action against S & M Truck Corp. In order to vacate a default, the movant bears the burden of demonstrating an adequate excuse for the default, as well as a meritorious claim (*see, e.g., Salvagne v Transamerica Ins. Co.,* 93 AD2d 761; *Commissioners of State Ins. Fund v Atlantic Sandblasting Serv.,* 58 AD2d 751).

In October of 1981, Special Term ordered the plaintiff to appear for examinations before trial. Plaintiff failed to appear. The court also directed plaintiff to appear for a physical examination. An appointment with a physician was made; however, plaintiff failed to show up. Plaintiff's own attorney eventually found it necessary to withdraw from his continued representation of plaintiff because of the latter's consistent failure to cooperate. A motion to dismiss pursuant to CPLR 3216 was made by defendant S & M Truck Corp. However, the court stayed the determination of this motion in order to give plaintiff the opportunity to retain new counsel. Plaintiff failed to abide by the court's order to retain counsel within the 60 days provided. After four months had elapsed, S & M Truck Corp. again moved for dismissal. The return date of this motion was adjourned three times and plaintiff still had not yet retained counsel. The court then granted plaintiff an additional 45 days within which to retain counsel and to vacate his prior default. When this motion was finally heard, nearly four months and three adjournments later, plaintiff's new counsel did not appear for oral argument.

In light of this protracted history of neglect, we cannot say that Special Term improvidently exercised its discretion in refusing to relieve plaintiff of the consequences of his defaults.

In addition, plaintiff has failed to submit an affidavit of merit. In any event, the action against S & M Truck Corp. would not have been successful. Plaintiff was injured during the course of his employment in a vehicle that was being driven by a coemployee. Under the Workers' Compensation Law, recovery against the owner of the vehicle, in this case, S & M Truck Corp., is precluded (*see, Naso v Lafata,* 4 NY2d 585; *Heritage v Van Patten,* 59 NY2d 1017; *Kenny v Bacolo,* 61 NY2d 642). Lazer, J. P., Thompson, O'Connor and Niehoff, JJ., concur.