◼ KATHLEEN M. KENNEDY, Appellant, v CASSMON REALTY COMPANY, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated July 10, 1986, which granted the defendant's motion to vacate its default in answering on the condition the defendant pay to the plaintiff $250 as and for the plaintiff's expense in moving for leave to enter a default judgment.

Ordered that the order is affirmed, with costs.

Although the defendant merely proffered an excuse akin to law office failure to explain its default in serving a timely answer *(see, Chochla v Oak Beach Inn Corp.,* 115 AD2d 584; *Klein v Actors & Directors Lab,* 95 AD2d 757, *lv dismissed* 60 NY2d 559), the court did not abuse its discretion in granting the defendant's motion to vacate its default. Contrary to the plaintiff's contention, a review of the record on appeal does not warrant a finding that the default was intentional or that the defendant was deliberately dilatory *(cf., e.g., Bernard v City School Dist.,* 96 AD2d 995; *Passalacqua v Banat,* 103 AD2d 769, *appeal dismissed* 63 NY2d 770; *Perellie v Crimson's Rest.,* 108 AD2d 903). Here, the defendant's delay in moving to vacate its default was not inordinate *(cf., Chochla v Oak Beach Inn Corp., supra)* and no undue prejudice would accrue to the plaintiff from the delay. Furthermore, in the absence of any factual allegations in the complaint as to the nature, location and duration of a purportedly defective condition which caused the plaintiff to fall, the affidavit of the defendant's agent and the lease agreement for the subject premises

suffice to show that the defendant may have a meritorious defense based on the absence of control necessary to impose liability upon a landlord who is out of possession of the subject premises *(see, Putnam v Stout,* 38 NY2d 607, 617; *Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 567, n 4; *see, e.g., Silver v Brodsky,* 112 AD2d 213; *cf., Klein v Actors & Directors Lab, supra).* Bracken, J. P., Weinstein, Rubin and Kooper, JJ., concur.