KELLEY GREEN, Respondent, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Appellant.

Third Department, December 19, 1991

APPEARANCES OF COUNSEL

*Bohl, Clayton, Komar & Della Rocca, P. C. (Kathryn M. Barber* of counsel), for appellant.

*Ziff, Weiermiller & Hayden (James G. Levins III* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Plaintiff commenced this action against defendant to recover damages for personal injuries she allegedly sustained when she was assaulted and raped in the college dormitory where she resided as a student on the downtown campus of the State University of New York at Albany. After issue was joined, defendant moved for summary judgment dismissing the complaint on the ground that it owed no duty to plaintiff. Supreme Court denied the motion, resulting in this appeal.

■ Plaintiff's factual allegations are insufficient to establish that defendant, as titleholder of the dormitory in which plaintiff was attacked, breached a duty owed to plaintiff and, therefore, Supreme Court's order must be reversed. There is no evidence in the record that plaintiff was attacked by an intruder who gained entry to the dormitory as a result of a condition caused or created during the construction of the premises in which defendant was a participant. Rather, plaintiff alleges that she was attacked by a person who was not authorized to be in the area where the attack occurred and her negligence claim focuses on the security measures or lack thereof in her dormitory, which was operated, maintained and controlled by the State University of New York (hereinafter SUNY), a State agency. The controlling principles in a case of this nature were set forth in *Miller v State of New York* (62 NY2d 506), in which the Court of Appeals held that when the State operates a college dormitory it is held to the same duty as private landlords in the maintenance of physical security devices in the building itself *(supra,* at 508). The duty and liability of defendant were not at issue in the *Miller* case, and an examination of the record in *Miller* does not disclose whether title to the SUNY at Stony Brook dormitory involved in that case was in defendant or the State. The decision in *Miller* refers to the State's "ownership and control of the SUNY campus" *(supra,* at 511), but it is apparent that defendant was involved in the development and construction of at

least some of the SUNY at Stony Brook facilities *(see, Gardner v State of New York,* 62 Misc 2d 278). In any event, *Miller* establishes that the duty owed to SUNY students to maintain minimal security measures in their dormitories, in the face of foreseeable criminal intrusion, arises out of the landlord/tenant relationship between the State, as the operator of the dormitories, and the students who reside there *(Miller v State of New York, supra,* at 513).

In the case at bar, it is undisputed that the dormitory where plaintiff was attacked is operated and maintained by SUNY, a State agency. Defendant, which is an entity separate and distinct from the State *(see, Matter of Dormitory Auth. [Span Elec. Corp.],* 18 NY2d 114), does not operate the dormitory. On the contrary, the evidence in the record establishes that once defendant's role in the financing and construction of a dormitory is ended with the completion of the building, defendant has nothing to do with that building, except to perform major repairs and improvements when requested to do so by the State. There is no evidence in this record that any party other than the State was plaintiff's landlord with respect to her residence in the SUNY dormitory where the criminal attack took place. There is, therefore, no basis for extending the duty of providing minimal security measures in SUNY dormitories, which arises out of the landlord/tenant relationship between the operator of the dormitory and the students who reside there *(Miller v State of New York, supra),* to any party other than the State in this case.

Although the record is devoid of any evidence of a relationship between defendant and plaintiff, as landlord and tenant or otherwise, it is undisputed that defendant is a landlord in its relationship with the State, the tenant who operates, maintains and controls the dormitory where plaintiff was attacked. Assuming that *Miller v State of New York (supra)* is not dispositive of the issue here, it is the general rule that a landlord is not liable for conditions upon the land after transfer of possession to the tenant *(Putnam v Stout,* 38 NY2d 607, 617; *Schlesinger v Rockefeller Center,* 119 AD2d 462; *see, Strunk v Zoltanski,* 62 NY2d 572, 575).

An exception to this rule exists when a duty is imposed on the landlord by statute *(see,* 2B Warren, Negligence in the New York Courts, Landlord and Tenant, §§ 4.04, 5.03 [3d ed]). It is our view that no statute creates a duty owed by defendant to plaintiff concerning security measures in the dormitory where she was attacked. It is argued that such a duty can

be found in the statutory provisions which authorize and/or obligate defendant to maintain, reconstruct, operate and manage its facilities (Public Authorities Law § 1678 [9]; § 1694). We agree with defendant, however, that these provisions were intended to protect the bondholders, thereby furthering the purposes of defendant, which are to finance the development and construction of certain facilities through the issuance of bonds and to carry out such development and construction (see, L 1986, ch 499, § 1).

The imposition of a duty owing to plaintiff in the circumstances of this case would go well beyond the scope of defendant's purposes, and would require a finding of legislative intent that is nonexistent. There is nothing in either the language of the Dormitory Authority Act (Public Authorities Law art 8, tit 4) or its legislative history to suggest that the Legislature intended to impose upon defendant a duty of reasonable care in the operation and maintenance of SUNY dormitories after operation, maintenance and control of the dormitories have been transferred to the State. To the contrary, the imposition of such a duty would effectively make defendant an insurer of the safety of SUNY students at State-operated college facilities as long as defendant retains legal title. The risk to bondholders would increase and the ability of defendant to obtain financing by issuing bonds would be impaired, thereby frustrating the legislative purpose behind the creation of defendant. The Public Authorities Law, therefore, does not create a duty owed by defendant to plaintiff in the circumstances of this case.

An exception to the general rule regarding a landlord's liability after transfer of possession also arises when physical harm to the tenant or others upon the land with the tenant's permission results from a condition that creates an unreasonable risk to persons on the land which could have been prevented by the lessor's performance of a covenant in the lease (Putnam v Stout, 38 NY2d 607, 617-618, supra). In the case at bar, defendant's lease with the State contains no covenant whereby defendant agreed to provide security measures in the dormitory where plaintiff was attacked or to maintain the premises in a reasonably safe condition (cf., Klein v Actors & Directors Lab, 95 AD2d 757, 758, lv dismissed 60 NY2d 559). In the absence of a duty imposed by statute, the mere reservation of a right to enter the leased premises to inspect, make repairs or correct dangerous conditions is insufficient to impose liability upon a landlord who

has otherwise transferred exclusive possession and control of the premises to the tenant *(compare, Silver v Brodsky,* 112 AD2d 213, *and Harris v Smith,* 25 AD2d 477, *with Daughtery v City of New York,* 137 AD2d 441, 444-445).

In sum, we conclude that the duty to provide minimal security measures allegedly breached in this case was owed to plaintiff by the State, as plaintiff's landlord by virtue of its operation, maintenance and control of the dormitory where she resided. There is no basis for extending that duty in this case to defendant, which retained legal title to the premises and was statutorily endowed with the authority and obligation to perform those functions necessary to protect the bondholders whose moneys financed the construction of the dormitory. Defendant's motion for summary judgment dismissing the complaint should therefore have been granted.

MAHONEY, P. J., MIKOLL, CREW III and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.