■ MARY PAN et al., Plaintiffs, and ROBERT RABINOWITZ, as Administrator of the Estate of VICTOR RABINOWITZ, Deceased, Appellant, v METRO APPLE EXPRESS, INC., et al., Respondents. —Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered July 3, 1991, denying plaintiff-appellant's motion to vacate an order of the same court, entered June 29, 1990, on default, which precluded plaintiff-appellant from offering proof of damages and dismissed the complaint, unanimously affirmed, with costs.

We agree with the IAS Court that plaintiff's pattern of delay extending over years reflects laxity and a disregard for applicable court rules *(see, Salvagne v Transamerica Ins. Co.,* 93 AD2d 761) that precludes a finding that the ostensible office failures are excusable *(Tandy Computer Leasing v Video X Home Lib.,* 124 AD2d 530, 531). Moreover, plaintiff's papers do not provide the required evidentiary facts, in admissible form, that would establish that plaintiff has a meritorious claim *(James v Hoffman,* 158 AD2d 398). Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.