■ JUAN GARCIA, Appellant, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent. [599 NYS2d 600] —Order of the Supreme Court, New York County (Charles E. Ramos, J.), entered May 27, 1992, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant provided financing to Columbia University, plaintiff's employer, for the construction of dormitory facilities under an agreement which provides that title will be held by defendant until the loan is repaid. Thus, the relationship between the parties can be said to be more akin to that of mortgagor and mortgagee rather than that of traditional owner and tenant.

A statutory responsibility is imposed on an owner "for the ᵃfe maintenance of the building and its facilities" pursuant

to Building Code (Administrative Code of City of NY) § 27-128 (Multiple Dwelling Law § 78). However, the owner which has completely parted with possession and control of a building will not be held liable unless it retains a right to enter to make inspection and repairs *(Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559, 566). The rights reserved to defendant Authority do not constitute sufficient retention of control to subject the Authority to liability for failure to maintain the premises in good repair *(supra).* The lease is not a standard leasing agreement, but rather a part of an extensive financing arrangement *(see, Green v Dormitory Auth.,* 173 AD2d 1, 5, *lv denied* 79 NY2d 756). Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.