■ JOSEPH P. MIELE, JR., et al., Respondents, v UDC-TEN EYCK DEVELOPMENT CORPORATION, Appellant. [652 NYS2d 164] —Mikoll, J. P. Appeal from an order of the Supreme Court (Caruso, J.), entered March 18, 1996 in Schenectady County, which granted plaintiffs' motion for partial summary judgment, dismissed defendant's second affirmative defense and denied defendant's cross motion for summary judgment.

On August 31, 1991 plaintiff Joseph P. Miele (hereinafter plaintiff), a supervising computer operator for the State Department of Social Services, was injured in the course of his employment when a portion of the raised tile flooring in the printing room on the fourth floor of the Ten Eyck Office Building in the City of Albany collapsed causing him to fall approximately two feet to a concrete surface. Plaintiff's employer, the State, was a tenant of defendant, the owner of the building, pursuant to a written lease agreement dated April 15, 1974. Approximately four years prior to this incident, on July 16, 1987, Nancy Moquin-Mosall allegedly tripped and fell over a turned up floor tile in an area abutting the raised flooring. The collapsed floor area was repaired by a contractor hired by the State in 1988.

The lease agreement between defendant as lessor/owner and the State as tenant provided that upon expiration of the lease the premises were to be conveyed by defendant to the State without additional payment therefor (*see*, §§ 3.1, 3.4). The lease also provided that defendant retained the right to enter the office building at all reasonable times to perform any of its obligations under the lease agreement. The lease also provided that the lessee could make reasonable alterations of and additions to the building or any part thereof at its expense. However, if the alteration or addition should materially affect the exterior appearance or structural components of the building itself, defendant's written consent was required (*see*, § 10).

All repair work performed was by and through the State. Defendant did not inspect any of the work nor any of the repairs made to the office building. A general mechanic employed by the State repaired the raised floor and replaced the floor tiles after the Miele accident.

Plaintiffs commenced this action in November 1992. Defendant answered the complaint and set forth affirmative defenses. After service of a bill of particulars plaintiff moved for partial summary judgment seeking to collaterally estop defendant from litigating the issue of lack of control over the premises, and ruling that defendant owed a duty of reasonable care to plaintiff. Defendant cross-moved for summary judgment pursuant to CPLR 3212.

Supreme Court granted plaintiffs' motion for partial summary judgment, finding that defendant retained control of the premises as a matter of law and owed plaintiff a duty of reasonable care, dismissed defendant's second affirmative defense and denied defendant's motion for summary judgment. Supreme Court, relying on *Guzman v Haven Plaza Hous. Dev. Fund Co.* (69 NY2d 559), agreed with plaintiffs' arguments that: "defendant's retained right to enter the property and make repairs, its reservation of sole and exclusive authority to approve all proposed alterations or additions that affected the building's 'structural components,' its actual approval of the remedial work performed by the State on the floor in 1988 and the express obligation imposed upon it by section 1153.1 of the New York State Uniform Fire Prevention and Building Code to make 'safe and secure' a building 'which is in imminent danger to life and safety as a result of structural instability * * * or other hazardous situation' (9 NYCRR 1153.1 [a]) is sufficient to create a duty." The court further found that defendant not only retained the right to enter and inspect the property, but required the tenant to obtain its express approval before any structural alteration was performed and that the plain language of 9 NYCRR 1153.1 (a) leaves no doubt that defendant was required to maintain its structural integrity. Defendant appeals.

Defendant, citing to *Garcia v Dormitory Auth.* (195 AD2d 288), argues that Supreme Court, in imposing a duty of care upon it, failed to consider defendant's circumstances as a quasi-State agency that has effectively relinquished exclusive possession, operation and control of the premises to the State and in effect is only the titleholder of the premises for the State. We agree. In our view the *Garcia* decision and that in *Green v Dormitory Auth.* (173 AD2d 1, *lv denied* 79 NY2d 756) require reversal of Supreme Court's decision on the facts and circumstances of this case. Defendant's reservation of right was not a sufficient retention of control to subject defendant to liability. The prior 1987 accident involving Moquin-Mosall cannot be said to give defendant notice of the defective condition of the floor causing plaintiff's injury as it involved a different area of the floor and a different defect.

In *Garcia v Dormitory Auth.* (*supra*) the First Department noted that an owner that has completely parted with possession and control will not be held liable unless it retains a right to enter to make inspections and repairs, and found that the rights there reserved did not constitute sufficient retention and control to subject the Dormitory Authority to liability for failure to maintain the premises in good repair (*see, supra,* at 289). The *Garcia* court found that the lease was not a standard leasing agreement, but rather a part of an extensive financing arrangement (*see, supra,* at 289). Similar circumstances are present in the instant case.

Further, Supreme Court improperly concluded that a duty is imposed on defendant as owner of the building under 9 NYCRR 1153.1 (a) to make the premises safe and secure. This provision requires a showing of imminent danger as a result of structural instability, fire, explosion or other hazardous situation. The floor collapse involved does not qualify as such an imminent danger.

Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, cross motion granted, summary judgment granted to defendant and complaint dismissed.