■ CATHY SHRENKEL, Respondent, v NEW YORK STATE DORMITORY AUTHORITY, Appellant. [698 NYS2d 299] —In an ac-

tion to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered December 18, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On March 5, 1993, the plaintiff allegedly was injured when she slipped and fell on snow and ice on a stairway in front of a dormitory at the State University of New York at Stony Brook (hereinafter SUNY). She subsequently commenced this action against the defendant, which financed construction of the dormitory and then leased it to SUNY when the construction was completed in 1969. She alleges that the accident was caused by improper snow and ice removal and the absence of a handrail on the stairs.

The Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. The rights reserved to the defendant, an out-of-possession owner/lessor, in its lease with SUNY do not constitute sufficient retention of control over the premises to subject the defendant to liability (*see, Garcia v Dormitory Auth.,* 195 AD2d 288; *see also, Miele v UDC-Ten Eyck Dev. Corp.,* 235 AD2d 774; *Green v Dormitory Auth.,* 173 AD2d 1). The provisions of the lease placed full responsibility on SUNY to operate, maintain, and repair the dormitory and related facilities. The plaintiff's contention that the defendant improperly designed or constructed the stairway in 1969 is purely speculative. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.