■ JEREMIAS TORRES et al., Respondents, v CITY UNIVERSITY OF NEW YORK et al., Defendants, and DORMITORY AUTHORITY OF STATE OF NEW YORK, Appellant. [815 NYS2d 279]—

In an action to recover damages for personal injuries, etc., the defendant Dormitory Authority of the State of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated November 5, 2004, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 28, 2001, the infant plaintiff sustained personal injuries when he slipped on water in the gymnasium of LaGuardia Community College. The premises in question was owned by the Dormitory Authority of the State of New York (hereinafter the Dormitory Authority) and leased to the City University of the City of New York (hereinafter CUNY). In support of its motion for summary judgment dismissing the complaint insofar as asserted against it, the Dormitory Authority noted that "[d]uring the prior year when he was a freshman [the plaintiff] saw water on the gym floor on a regular basis" and "he saw buckets on the floor catch water on four or five occasions." The Dormitory Authority also acknowledged that it was "involved in construction or rehabilitation projects at LaGUARDIA COMMUNITY COLLEGE at the request of CUNY."

In support of its claim that it did not create a defect contributing to the accident the Dormitory Authority stated that "[f]or at least five months prior to the subject accident there were no ongoing construction or rehabilitation projects at the gymnasium involving the DORMITORY AUTHORITY." The Dormitory Authority's Project Manager submitted an affidavit stating

that "between April 2001 and the date of [the infant] plaintiff's alleged accident . . . there were no ongoing DORMITORY AUTHORITY projects." However, in view of the evidence that the condition may have existed for a year prior to the accident, that showing was insufficient to establish its entitlement to judgment as a matter of law (*see Johnston v City of New York*, 18 AD3d 712 [2005]).

We note that the plaintiffs submitted evidence of a triable issue of fact as to whether allegedly defective roof repairs undertaken by the Dormitory Authority contributed to the accident, in opposition to the Dormitory Authority's motion. In August 2000 CUNY complained to the Dormitory Authority about roof leaks in the gymnasium which the Dormitory Authority undertook to repair. In January 2001, when the work was purportedly completed, CUNY complained to the Dormitory Authority that two roof leaks were still active in "M 233" and "the south section of Skylight corridor." There is no evidence in the record that these active leaks could not have affected the gymnasium, nor is there evidence that the gymnasium roof was inspected after the Dormitory Authority purportedly completed the repairs.

Accordingly, the Supreme Court properly denied the Dormitory Authority's motion. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.