OPINION OF THE COURT
Karen Rothenberg, J.
The motion by defendant Dormitory Authority of the State of New York (DASNY) for an order, pursuant to CPLR 3212, granting summary judgment dismissing the complaint of plaintiff Atoya Morris is granted.
This action arises out of an incident that occurred on April 11, 2006, when Morris allegedly tripped and fell in a hole on a sidewalk on Bedford Avenue, in front of Boylan Hall, on the campus of Brooklyn College. Morris’ complaint alleges that both the City of New York and DASNY were negligent in failing to maintain the subject sidewalk.
In its motion, DASNY argues that, as a public benefit corporation, and pursuant to its authority under the Public Authorities Law,[1] DASNY finances the construction of State University of New York (SUNY) and City University of New York (CUNY) structures, including those at Brooklyn College, and that as outlined in the statute and financing agreements, DASNY "is a landlord-out-of-possession and maintains ownership merely as collateral on the bonds used to finance the construction of these facilities, until such time as the bonds are paid off." Thereafter according to DASNY, ownership of the facilities passes to CUNY.[2] DASNY asserts that cc[p]ursuant to the Education Law,[3] financing agreements, multiple Appellate Division decisions and legislative history responsibility for maintenance of the college campus rest[s] with CUNY, and not the Dormitory Authority." *760 In support of its motion, DASNY submits the affidavit of Stephan A. Boiko, Assistant General Counsel for DASNY, which sets forth DASNY’s financial responsibilities and details its relationship to CUNY, as well as an official statement, dated March 28, 2003, pertaining to bonds issued by DASNY to finance various dormitory projects on behalf of CUNY, and a copy of the financing agreement between DASNY and CUNY which indicate that responsibility for management, maintenance and repair rest with CUNY
DASNY notes that the New York State Constitution grants local governments the power to adopt laws, not inconsistent with the provisions of the Constitution or any general law, relating to the care and management of their roads, sidewalks and property (NY Const, art IX, § 2 [c] [ii] [6]). Moreover, Municipal Home Rule Law, article 2, § 10 (1) (i) states that “every local government shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law, relating to its property, affairs or government.” DASNY further argues that New York courts have consistently held that the legislative intent behind the creation of DASNY would be frustrated if DASNY were to be held liable for maintenance of the CUNY grounds, as this would expose the bondholders to unnecessary risk, which in turn could affect DASNY’s ability to provide financing. Accordingly, DASNY asserts that to hold it responsible under the Sidewalk Law (Administrative Code of City of NY § 7-210 [eff Sept. 14, 2003]) would be a violation of the State Constitution and the Municipal Home Rule Law and would, as a result, invalidate the Sidewalk Law itself. In support of its motion, DASNY cites Green v Dormitory Auth. of State of N.Y. (173 AD2d 1 [1991]), which held that DASNY does not owe a duty to maintain the premises for which it holds legal title, and Garcia v Dormitory Auth. of State of N.Y. (195 AD2d 288 [1993]), which it claims is directly analogous to the instant action,
“as the Garcia court was reviewing the responsibility of the Dormitory Authority as the ‘owner’ of a CUNY premises (Columbia University) in the face of alleged violations of the Building Code (Administrative Code of the City of New York § 27-128 and Multiple Dwelling Law § 78) which placed a nondelegable duty on the owner of the premises.”
According to DASNY, its role as an out-of-possession landlord is unique as it is the creation of state law, not a lease agreement. *761 DASNY cites Shrenkel v New York State Dormitory Auth. (266 AD2d 369 [1999]) to illustrate that the rights reserved to DASNY in its lease with CUNY do not constitute sufficient retention of control over the premises to subject DASNY to liability. Moreover, DASNY contends that the situation here is akin to holding a bank liable when a party is injured in a home for which a bank holds a mortgage.
In opposition to the motion, Morris notes that DASNY does not dispute that it is the owner of the property and, therefore, is subject to liability under the clear language of the Sidewalk Law which imposes liability on owners for failure to maintain the public sidewalk adjoining their property. Further, Morris contends that the deed, which conveyed the subject property to DASNY, does not indicate that DASNY is anything other than the owner. Morris also asserts that out-of-possession landowners are, in fact, subject to liability under the Sidewalk Law, citing Castillo v Bangladesh Socy., Inc. (12 Misc 3d 1170[A], 2006 NY Slip Op 51130[U] [2006]) for the proposition that an out-of-possession landlord cannot delegate its obligations under the Sidewalk Law to a tenant in possession. Additionally, Morris suggests that local governments do not have the power to enact laws which control or affect public authorities such as DASNY. In reply, DASNY argues that its motion is not predicated on the argument that the City does not have the authority to pass laws that affect DASNY; but rather that the Sidewalk Law, on its face, states that its provisions are applicable “ [notwithstanding any other provision of law” (Administrative Code § 7-210 [b]). According to DASNY, “this caveat is included in order to insure its Constitutionality, and avoid the statute being found inconsistent with the limitations of the [State of New York’s Constitution and the Municipal Home Rule].” DASNY suggests that Castillo deals with a traditional out-of-possession landlord and the Sidewalk Law, unlike the instant case.
Summary judgment is a drastic remedy which should not be granted when there is doubt as to the existence of a triable issue of fact. Where, however, one seeking summary judgment tenders evidentiary proof in admissible form establishing its defense sufficiently to warrant the court as a matter of law in directing judgment in its favor, the burden falls upon the opposing party to show, also by evidentiary proof in admissible form, that there is a material issue of fact requiring a trial of the matter (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The evidence presented on a motion for summary judg *762 ment must be scrutinized in the light most favorable to the party opposing the motion (see Goldstein v County of Monroe, 77 AD2d 232, 236 [1980]).
The Sidewalk Law imposes upon the owner of real property abutting any sidewalk “the duty ... to maintain such sidewalk in a reasonably safe condition” and provides that the owner “shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition” (see Administrative Code of City of NY § 7-210 [a], [b]).
The instant action appears to be a case of first impression, since no previous cases have addressed the application of the Sidewalk Law to DASNY. Accordingly, the court must be guided by the legislative intent of the relevant statutes, as well as the treatment of the Dormitory Authority in similar cases. DAS-NY’s reliance on Garcia is compelling. In Garcia, the Appellate Division, First Department, likened the relationship between Columbia University and DASNY as “more akin to that of mortgagor and mortgagee rather than that of traditional owner and tenant” (Garcia, 195 AD2d at 288) because DASNY held title only until the loan on dormitory facilities constructed by DASNY was repaid. The court in Garcia declined to apply to DASNY an owner’s statutory obligation to maintain its building in good repair. In Garcia, because the “lease is not a standard leasing agreement, but rather a part of an extensive financing arrangement” (Garcia at 289; see also Green, 173 AD2d at 5-6), the rights reserved to DASNY “do not constitute sufficient retention of control to subject [DASNY] to liability for failure to maintain the premises in good repair” (Garcia at 289; see also Shrenkel, 266 AD2d 369 [where the provisions of the lease placed full responsibility on SUNY to operate, maintain, and repair the dormitory and related facilities and, therefore, the rights reserved to the out-of-possession owner (DASNY) did not constitute sufficient retention and control to subject DASNY to liability]).
In Green, which dealt with the duty placed on a landlord to provide minimal security measures in SUNY dormitories, the Appellate Division, Third Department, found that placing liability on the owner as titleholder after control had been transferred to the State would increase the risk to bondholders and impair DASNY’s ability to obtain financing, thereby frustrating the legislative purpose behind the creation of DASNY (Green at 5). In the instant case, plaintiffs have not *763 controverted DASNY’s prima facie case of entitlement to summary judgment by proffering any evidence that DASNY retained significant control over the premises that would subject it to liability. The lease and financing agreement between the parties, as well as the Education Law and the Public Authorities Law, collectively place the responsibility for maintenance of the premises on CUNY and the responsibility for funding construction of CUNY structures on DASNY. DASNY did not undertake any repairs in this case for which it could be held liable, as it has in other cases (e.g. Torres v City Univ. of N.Y., 29 AD3d 892 [2006]), and the mere reservation of the right to re-enter where all significant control and maintenance of the premises has been placed on CUNY is not a sufficient retention of control to subject DASNY to liability. Therefore, DASNY’s motion for summary judgment is granted.

. DASNY was created by the State Legislature pursuant to Public Authorities Law § 1675 et seq. According to DASNY, “the legislature’s purpose in creating this public benefit corporation was to free public projects, such as State Colleges, Universities, and Hospitals from restraints otherwise applicable to State government.” Public Authorities Law § 1680 (2) (f) authorizes DASNY to provide facilities for CUNY.

. Public Authorities Law § 1680 (2) (d) (2) (b).

. CUNY is established by Education Law, article 125, §§ 6201 through 6234. Under Education Law § 6203, CUNY “shall have the care, custody, control, and management of the lands, grounds, buildings, facilities and equipment used for purposes of educational units of the city university and it shall have the power to protect, preserve and improve the same.”