■ MYRIAM DEMPAIRE et al., Respondents, v CITY OF NEW YORK, Defendant, and DORMITORY AUTHORITY OF STATE OF NEW YORK, Appellant. [877 NYS2d 224]—

In an action to recover damages for personal injuries, etc., the defendant Dormitory Authority of State of New York appeals from so much of an order of the Supreme Court, Kings County (Rothenburg, J.), dated March 14, 2008, as denied, as premature, its motion for summary judgment dismissing the complaint insofar as asserted against it, with leave to renew upon completion of discovery.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it is granted.

On February 1, 2007, the plaintiff Myriam Dempaire (hereinafter the plaintiff) allegedly was injured when the cover of an electrical door mechanism fell on her as she was exiting the Bedford Building at Medgar Evans College in Brooklyn. The college is part of the City University of New York (hereinafter CUNY). The plaintiffs commenced this action against the City of New York and the appellant, Dormitory Authority of State of New York (hereinafter DASNY). The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. DASNY argued that it had no control over the subject premises and thus could not be liable to the plaintiff. The Supreme Court denied DASNY's motion "as premature with leave to renew upon completion of discovery." We reverse.

In support of its motion, DASNY submitted proof that, after its construction of the Bedford Building was completed, it turned over possession of the building to CUNY in 1988, and since that time it has not engaged in any kind of work or repairs on the property. Furthermore, while DASNY remains the titled, but out-of-possession, owner of the building, the rights reserved to DASNY in its lease with CUNY do not constitute a sufficient retention of control so as to subject it to liability (*see Shrenkel v New York State Dormitory Auth.*, 266 AD2d 369 [1999]; *see also Garcia v Dormitory Auth. of State of N.Y.*, 195 AD2d 288 [1993];

*Miele v UDC-Ten Eyck Dev. Corp.*, 235 AD2d 774 [1997]; *Green v Dormitory Auth. of State of N.Y.*, 173 AD2d 1 [1991]). Moreover, CUNY is charged with "the care, custody, control and management of the . . . buildings . . . used for the purposes of educational units of the city university" (Education Law § 6203).

Accordingly, under the circumstances of this case, DASNY established its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact (*cf. Torres v City Univ. of N.Y.*, 29 AD3d 892 [2006]). In addition, there was no reason to delay the determination of the motion pending completion of discovery since the plaintiffs failed to offer any evidentiary basis to suggest that such discovery might lead to relevant evidence sufficient to defeat the motion (*see Lopez v WS Distrib., Inc.*, 34 AD3d 759 [2006]; *Pina v Merolla*, 34 AD3d 663 [2006]). Spolzino, J.P., Skelos, Santucci and Dickerson, JJ., concur.