■ Hector Sanchez, Respondent, v Avuben Realty LLC, Appellant. [912 NYS2d 185]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on April 21, 2009, which denied defendant's motion to vacate a default judgment entered against it on March 18, 2008, unanimously affirmed, without costs.

Defendant argues that under CPLR 5015 (a) (1), it was entitled to vacatur of the default judgment, claiming that its default was excusable since service of process was effected by delivery of the summons and complaint to the Secretary of State (*see* Limited Liability Company Law § 303 [a]), which undisputably maintained the wrong corporate address for defendant, and, as a result, it never received personal service.

An application brought pursuant to CPLR 5015 to be relieved from a judgment or order entered on default requires a showing of a reasonable excuse and legal merit to the defense asserted (*see Crespo v A.D.A. Mgt.*, 292 AD2d 5, 9 [2002]). While the failure to keep a current address with the Secretary of State is generally not a reasonable excuse for default under CPLR 5015 (a) (1) (*id.* at 9-10), where a court finds that a defendant failed to "personally receive notice of the summons in time to defend and has a meritorious defense," relief from a default may be permitted (CPLR 317; *see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142 [1986]).

Here, notwithstanding the Secretary of State's maintenance of the wrong corporate address, the evidence of record demonstrates that defendant did receive notice of the summons in time to interpose a defense, and inexplicably failed to do so. It is undisputed that six months after the complaint's filing, counsel for defendant's insurer contacted plaintiff's counsel to discuss settlement, at which time he was informed of the then-pending motion for default judgment. The very fact that settlement options were discussed at this time evidences that defendant was aware of plaintiff's action. Moreover, vacatur of a default judgment is not warranted merely because the default was occasioned by lapses on the part of an insurance carrier (*see Klein v Actors & Directors Lab*, 95 AD2d 757 [1983], *lv dismissed* 60 NY2d 559 [1983]; *Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d 671, 672 [2006]). The evidence of record also indicates that five months after filing of the summons and complaint, copies thereof were delivered to an undisputably valid address for defendant, as was notice of entry of the Supreme Court's March 26, 2007 order granting plaintiff's motion for default judgment and noticing an inquest as to damages. Still defendant took no action until approximately 2½ years after the complaint's filing, when plaintiff attempted to collect on the Supreme Court's judgment.

Defendant failed to establish entitlement to vacatur of the default judgment under CPLR 5015 (a) (3) due to an alleged fraud perpetrated by plaintiff in support of his complaint, as the affidavit it submitted in support of this claim was both conclusory and recounted hearsay. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Renwick and DeGrasse, JJ.