Rudd Mech. Assoc., Inc. v ZDG, LLC (2021 NY Slip Op 01343)





Rudd Mech. Assoc., Inc. v ZDG, LLC


2021 NY Slip Op 01343


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Index No. 656127/18 Appeal No. 13282N-13282NA Case No. 2020-01467 

[*1]Rudd Mechanical Associates, Inc., Plaintiff-Appellant,
v
ZDG, LLC, et al., Defendants, Press Builders, Inc., et al., Defendants-Respondents.


Law Offices of Yitzchak E. Cohen, New York (Yitzchak E. Cohen of counsel), for appellant.
Hollander Law Group PLLC, Great Neck (Michael R. Strauss of counsel), for respondents.



Orders, Supreme Court, New York County (Louis L. Nock, J.), entered January 9, 2020, which granted defendants Press Builders Inc.'s and Metro NYC Services, Inc. and 310 Group, LLC's motions to vacate the default judgments entered against them, unanimously reversed, on the law, without costs, and the motions denied.
Defendants failed to demonstrate a reasonable excuse for their default in answering the complaint (CPLR 5015[a]; see generally Leader v Parkside Group, 174 AD3d 420, 421 [1st Dept 2019], lv dismissed 33 NY3d 1111 [2019]).
It is undisputed that defendants Metro and 310 Group were personally served with the summons and complaint. They failed to provide a reasonable excuse for their defaults in answering and in opposing plaintiff's motion for a default judgment. Their claims of a settlement are unsubstantiated; indeed, plaintiff continued to litigate this action even after this purported settlement was reached, and contacted their counsel before moving for entry of a default judgment (see Reliable Abstract Co., LLC v 45 John Lofts, LLC, 152 AD3d 429, 430 [1st Dept 2017], lv dismissed 30 NY3d 1056 [2018]). Their purported belief that the matter was resolved is further undermined by their undisputed receipt of plaintiff's motion for a default judgment and their failure to respond to it (see Sanchez v Avuben Realty LLC, 78 AD3d 589 [1st Dept 2010]; see also Neely v Felicetti, 177 AD3d 484 [1st Dept 2019]). Counsel's claim of law office failure is unsubstantiated (see Fernandez v Santos, 161 AD3d 473 [1st Dept 2018]).
Defendant Press Builders denied that it received or was properly served with the summons and complaint. However, the mere denial of receipt was insufficient to rebut the presumption of proper service arising from plaintiff's amended affidavit of service on Press Builders's office (Ocwen Loan Servicing, LLC v Ali, 180 AD3d 591 [1st Dept 2020]). Press Builders did not dispute the description of the person who was served or otherwise "swear to specific facts to rebut the statements in the process server's affidavit" (JP Morgan Chase Bank v Dennis, 166 AD3d 530, 531 [1st Dept 2018]).
As defendants failed to demonstrate a reasonable excuse for the default, we need not address whether they demonstrated a meritorious defense (see Gonzalez v Praise the Lord Dental, 79 AD3d 550 [1st Dept 2010]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021